## Jones *ex parte*.

<div style="float:right">Alabama.<br>1 15<br>116 567<br>1 15<br>142 117</div>

1. The writ of *Mandamus* will be granted only where there is a specific legal right, and no other legal remedy adequate to enforce that right.
2. It is competent for a party aggrieved by a final order in the settlement of an estate of a deceased person, or in directing its distribution, to prosecute a writ of error; and that the record may show his objection to the order, he may require the Judge of the County Court to seal a bill of exceptions.
3. But where the Judge altogether declined proceeding in the settlement, or distribution of the estate, then, as there would be no order to appeal from, a party aggrieved might be entitled to a *Mandamus*—but *quere*: should not the application for the writ be made to the Circuit Court of the County.

Petition for a writ of *Mandamus* to the Judge of the County Court of Covington.

BOLLING for the petitioner.

COLLIER, C. J.—Samuel T. Jones, by his counsel, has moved the Court for a writ of *Mandamus* to the Judge of the County Court of Covington, upon petition setting forth that he is a distributee of the estate of Benjamin Merrill, deceased: that the administration of that estate has been committed to Jacob Merrill, by the County Court of Covington, and that the Judge of that Court has permitted a final settlement to be made by the administrator, without forcing him to bring into the account certain slaves and other property which came to his

hands as a part of his intestate's estate. It is further stated that the reason assigned by the Judge of the County Court for his refusal to coerce the administrator fully to account, is, that a judgment rendered by this Court, in which these slaves and other property were the subject of controversy, had wholly reversed and annulled a decree of that Court, directing the distribution of such slaves and property.

The case referred to in the petition as having been decided by this Court, is Merrill v. Jones (at January Term, 1839.) In that case, a writ of error had been prosecuted from the County to the Circuit Court of Covington. In the latter Court, the decree of the County Court was affirmed: whereupon, a writ of error was prosecuted to this Court, where it was determined that the Circuit Court should have dismissed the writ of error; and consequently reversed its judgment, and remanded the case, with instructions to dismiss the writ of error, unless the record should "be so perfected on *certiorari* or otherwise, as to show a final judgment or decree in the County Court."

It is clear that the proceeding in the County Court was not at all disturbed by the judgment here rendered—if it was valid previously, it was so still. This Court addressed no mandate to the County Court, and if the Judge of that Court allowed himself to be influenced in the settlement of the intestate's estate by our decision, he greatly misapprehended it, and accorded to it a potency which it did not legitimately possess.

The only question necessary to be considered is, does the petition disclose such a state of facts as *prima facie* entitles the petitioner to a writ of *Mandamus*. This writ will be granted only where there is a specific legal right, and no other specific legal remedy, adequate to enforce that right. (The King v. Marquis of Stafford, 3. T. Rep. 651; The King v. Archbishop of Canterberry, 8. East 219; The King v. Margate, 3. B. & A. Rep. 224; The King v. Haythorne, 5 B. & C. Rep. 422–429. The King v. Severn & Wye Comp. 2. B. & A. Rep. 646; the King v. Dean, 2. M. & S. Rep. 80; The King v. Windham, Cowper Rep. 378.) But where there is another specific and adequate legal remedy, the writ of *Mandamus* will not be

granted.   For this reason it will not issue, according to some of the English decisions, to restore a claimant to an office of profit, unless a strong ground be shown.   The right in such a case may be tried in an action to recover the  profits against the person in possession.  (The King v. Jotham, 3. T. Rep. 575; The King v. Whiteside, 7 East Rep. 353.)   Whether the writ would be granted in such a case in  this country, we need not inquire, as we only mention it to show how  cautiously the remedy is guarded.   (See Etheridge v. Hall, 7. Porter's Rep. 57.)

Let us now  enquire whether, under  the rules laid down, the petitioner is entitled to the remedy he seeks.   Where the Judge of a County  Court  makes a  final  settlement of  an estate of  a deceased person; or in directing its  distribution, it is competent for  a party aggrieved  to  prosecute a  writ of  error,  that such order  may be reviewed.   And where the facts are not shown by the ordinary entries of record, it is  competent to bring them to the view of the Court, by bill of  exceptions.

In the case  at bar, if the Judge of the County Court  refused to  order a distribution of  the intestate's  estate, his refusal,  if it diJ not  otherwise  appear, might  have been excepted  to,  and every advantage allowed on error that could be had by *Manda- mus.*   It is then  obvious that the petitioner has  an *adequate and legal remedy,* other than that asked for; and consequently the prayer of  his petition must be denied.

If the Judge of the County Court had declined all proceedings in  the [settlement  or  distribution of  the estate, then  the peti- tioner could have had no order  to appeal from, and in default of another remedy would  have  been  entitled to a *Mandamus.*— But whether in such case the application for the writ should not be made  to the Circuit Court, and whether  it  can be  made to this Court, until it has been denied by that Court, is  a question which we  leave to be decided when it shall directly arise.