## The State *ex rel* the Attorney General v. Williams.

1. The Supreme Court will not entertain an Information, in the nature of a *quo warranto*, to try the right of an individual to the office of Judge of the County Court, unless an application has been made to, and refused by the Circuit Court.

Motion for leave to file an Information in the nature of a *quo warranto* against the Judge of the County Court of Tuscaloosa.

COLLIER, C. J.—The Attorney General has suggested to the Court, that Marmaduke Williams, who exercised the office of Judge of the County Court of Tuscaloosa County, on the first Monday of August last, and for a long time previous thereto, was on that day elected according to law, a representative to the General Assembly of this State. That he received the evidence of his election from the proper returning officer, was qualified, and took his seat in the House of Representatives; and while thus engaged in the discharge of his legislative duties, he exercised, and up to this time, he exercises the functions of, and receives the emoluments pertaining to the office of Judge as aforesaid. Whereupon, the Attorney General moved the Court for a rule upon Marmaduke Williams to shew cause why he should not be permitted to file an information in the nature of a *quo warranto*, requiring him to answer to the state by what warrant he claims to have, use, and enjoy the office of Judge of the County Court as aforesaid.

The object of the present motion is doubtless to test the questions whether a Judge of the County Court is eligible to a seat in the Legislature; and if he is not, whether the individual against whom it is proposed to proceed, has not, by accepting and exercising that trust, ceased to be *de jure*, a Judge of that Court.

In considering the motion of the Attorney General, we are first to inquire whether this Court has jurisdiction of the proceeding which he proposes to institute.

By the *second* section of the *fifth* article of the constitution of this State, it is declared that " the Supreme Court, except in cases otherwise directed by this constitution, shall have appellate jurisdiction only, which shall be co-extensive with the State, under such restrictions and regulations not repugnant to this constitution, as may from time to time, be prescribed by law: *Provided*, that the Supreme Court shall have power to issue writs of injunction, mandamus, quo warranto, habeas corpus, and such other remedial anh original writs, as may be necessary to give it a general superintendence and control of inferior jurisdictions." In *ex parte* Simonton *et al.* (9 Porter's Rep. 383) it was held, that the jurisdiction conferred upon this Court, by the constitution, was in general, revisory, and that a *habeas corpus*, would not be awarded, unless it was shewn, either that some court, or the Judge of a court, invested with authority to act in the premises, had refused an application for the writ, or having granted it, decided adversely to the prayer of the petitioners. In that case, it was competent for the Circuit Court, or a Judge of that court, to have afforded as complete relief as could have been obtained here; and considering the general jurisdiction of that court, and the number of Circuit Judges, it is difficult to conceive of a case in which a party wrongfully held in custody, would be compelled, in the first instance, to seek a discharge by this Court. But in respect to the writs authorized to be issued, by the section of the constitution we have cited, if a case should occur, in which no subordinate court could act, we apprehend it would be competent for this Court, to award either one of the writs designated, or the appropriate remedial or original writ, that might be " necessary to give it a general superintendence and control of inferior jurisdiction."

In the case stated in the motion of the Attorney General, there is no necessity for the exercise of a primary jurisdiction by this Court. The authority of the Circuit Court is competent to inquire into, and determine the questions, proposed to be litigated. If that Court should refuse to entertain the case, or having taken jurisdiction, should mistake the law, it will then become the duty

of this Court, to lend its aid and administer right. And thus we would exercise "a general superintendence and control" of the County Court. (See *ex parte* Jones: *ex parte* John, a slave: and *ex parte* Mansony, at this term.)

The motion for leave to file an Information in the nature of a *quo warranto,* must therefore be denied.