## THE STATE EX REL. THE HEIRS OF WALKER v. THE JUDGE OF THE ORPHANS' CO. OF MACON.

1. Where the judge of an orphans' court is advised, that an injunction has been granted at the instance of the executor of an estate, to restrain the heirs and distributees from proceeding with a settlement begun in said court, it is a sufficient reason why he should suspend all further proceedings, as long as the injunction continues in force.

2. An appellate court will not, in an indirect proceeding, undertake to decide upon the equity of a bill in chancery, or the propriety of an order made thereupon.

3. A *mandamus* will not be granted to command an inferior tribunal to do that, which it could not legally do without such mandate.

4. Where the judge of an orphans' court refuses to proceed in the settlement of an estate, should not an application for a *mandamus* be first made to the circuit court? *Quere.*

Petition for a *mandamus.*

THE facts on which the petition is based, sufficiently appear in the opinion.

WM. L. YANCEY, for plaintiffs in error.

1. The court of chancery, not being a supervisory court, cannot prohibit the orphans' court from proceeding to exercise its jurisdiction.

The State v. Judge Orphans' Court of Macon.

2. An injunction cannot issue, to enjoin another court. 2 Story's Eq. Jurisp. § 875; Eden on Injunctions, ch. 2, p. 14.

3. An injunction can only enjoin parties litigant, or persons making illegal interference with rights of complainant. See cases cited above.; 1 Barbour's Ch. Pr. 619; Fellows v. Fellows, 4 Johns. Ch. Rep. 25.

4. An injunction, so far from being an inhibition to a court, is designed to prevent an unjust exercise of the process of the court at law, by the parties. See authorities cited.

5. This court will not look into the equity of the bill filed; or its want of equity. The orphans' court, having jurisdiction of the settlement of estates, will be deemed competent to try and determine this cause.

BELSER & HARRIS, contra.

COLLIER, C. J.—A *mandamus* is asked, in this case, to compel the orphans' court of Macon to proceed in the settlement of the testator, Walker's estate. From the record submitted to us, it appears that an injunction has been granted at the instance of the executor, enjoining the heirs from proceeding in the orphans' court, "for the settlement of the estate of William Walker, deceased, and the court from molesting or disturbing" the executor, until the further order in chancery. The condition upon which the *fiat* for the injunction was granted, has been complied with, and the injunction has been served on the judge.

It is insisted, that as such process cannot be rightfully granted against a court, or the judge thereof, the injunction is thus far a mere nullity, and affords no warrant for the refusal of the judge to perform the duties required of him by law. Without stopping to inquire whether the judge of the orphans' court is a proper party to the executor's bill, it will be observed; that the heirs who are attempting to coerce the settlement are also parties, and whether they have been served with process or not, the information which the judge has received, furnishes a reason quite sufficient why he should suspend proceedings, as long as the injunction continues in force. It does not appear affirmatively, that the process has not been served on the heirs and distributees of the testator, but even

if this has not been done, if they have been informed that they have been enjoined from proceeding further, by the injunction, which has been regularly made known to the judge, is it certain that they would not be guilty of a contempt, if they should proceed in despite of its mandate? However this may be, no court should, in an indirect proceeding, undertake to scan the equity of the bill, or the propriety of the order, made upon it. These are questions which must be adjudicated in chancery, and if either party should be dissatisfied with the decision there, the revisory powers of this court are competent to afford adequate relief.

A writ of *mandamus* is certainly the appropriate remedy to compel inferior tribunals to perform the duties required of them by law. Commonwealth v. Hampden, 2 Pick. Rep. 414; Carpenter v. Bristol, 21 Pick. Rep. 258. So, a *mandamus* will lie where there is a clear legal right, and no other appropriate legal remedy. Ex parte Jones, 1 Ala. Rep. 15; The State v. The Justices of Moore, 2 Ired. Rep. 430; Goings v. Mills, 1 Ark. 11; The People v. The Corporation of Brooklyn, 1 Wend. Rep. 318. But this writ will not lie where the party is entitled to another specific remedy; nor will it be granted, where the party complaining may have a writ of error. Ex parte Nelson, 1 Cow. Rep. 417; Bank of Columbia v. Sweeny, 1 Pet. Rep. 567; Commissioners v. Lynah, 2 McC. Rep. 170; State v. Holliday, 3 Hals. Rep. 205; State v. Dunn, Minor's Rep. 46; Justices v. Munday, 2 Leigh's Rep. 165. An erroneous decision of a subordinate court, cannot be revised by a *mandamus* from an appellate tribunal. Ex parte Hoyt, 13 Pet. Rep. 279; Warren Co. v. Daniel, 2 Bibb's Rep. 573; Oneida Common Pleas v. The People, 18 Wend. Rep. 79; Ex parte Gordon, 2 Hill's Rep. (N. Y.) 363; Ex parte Koon, 1 Denio's Rep. 644; The State v. Bowen, 6 Ala. Rep. 511. Nor will a *mandamus* be awarded, to command an officer to do that, which it was not lawful for him to do, without such a mandate. Gillespie v. Wood, 4 Hump. Rep. 437; Ross v. Lane, 3 Smedes & M. Rep. 695.

This brief condensation of principles very conclusively shows, that the prayer of the petitioner should not be granted. We have seen that the injunction was sufficient to arrest the

action of the judge of the orphans' court, and that in despite of its mandate he could not legally proceed.   This being the case, a *mandamus* would oblige him to do that which he could not legally do without it, and to effect such a purpose it cannot be awarded.

Again : the petition objects to the order of the chancellor, and draws in question his decision upon a matter on which he has ample authority to act.   This, we have said, cannot be done collaterally.   The law has provided a clear remedy for the petitioners, by moving to dissolve the injunction, or dismiss the bill, and if the decision of the chancellor shall be adverse to them, they may prosecute an appeal or writ of error to this court.

Conceding, however, that a proper case was made for a *mandamus*, then it may be asked, if the writ should not have been first moved for in the circuit court.   See ex parte Jones, 1 Ala. Rep. 15 ; The State ex rel. The Attorney General v. Williams, 1 Ala. Rep. 342, and several later decisions of this court.

We have but to add, that the prayer of the petition is denied.