## Cook, Judge, etc. v. Candee.

*Appeal from  Order awarding Peremptory Mandamus.*

1. *Circuit judge; authority to approve sheriff's bond.* — Under the law of force on the 27th day or December, 1871, a circuit judge had no authority to approve the bond of a sheriff elected that year.

2. *Mandamus; when does not lie.* — A probate judge cannot be compelled by *mandamus* to file and record a sheriff's bond, approved by an officer who had no authority to do so.

APPEAL from Circuit Court of Butler.
Tried before Hon. P. O. HARPER.

S. J. CUMMING, for appellant.

ALEX. WHITE, *contra.*

BRICKELL, C. J. — The appellee, at the general election in November, 1871, was elected sheriff of the county of Wilcox. He executed an official bond, the penalty of which was prescribed, and the bond approved on the 27th of December of the same year by the judge of the eleventh judicial circuit. He presented this bond to the appellant, the judge of probate of the county of Wilcox, and demanded that it should be filed and recorded in his office, which was refused. On an application to the judge of the circuit court for the eleventh circuit, a peremptory *mandamus* was awarded, commanding the appellant to file and record said bond. From that judgment this appeal was prosecuted.

The Code provides that a sheriff, before entering on the duties of his office, must give bond, with security, " in an amount to be fixed by the judge of probate of his county, not less than five thousand dollars, payable and conditioned as provided in section 157 (118), which bond must be approved by the judge of probate and recorded and filed in his office." If there is no judge of probate, the clerk of the circuit court is required to fix the amount, and approve the bond, and record and keep the same in his office, until the office of probate judge is filled, when it must be delivered to the judge and kept and recorded in his office. R. C. §§ 814–15. On the judge of probate, or, in the event of a vacancy in that office, on the clerk of the circuit court, was devolved the exclusive power prescribing the penalty, and approving a sheriff's bond. The power is special and statutory. *Harris* v. *Bradford*, 4 Ala. 214. It can be exercised only by the officers specially designated in the statute. A judge of the circuit court is intrusted with the power of approving some official bonds, — as the bond of a probate judge;

but the bond of a sheriff is not one of these. Therefore, the appellee had no right to demand of appellant the filing and record of an official bond, approved by a judge of the circuit court. Such a bond it was not the duty of appellant, nor had he any legal authority, to file and record. Its filing and record would have been of no more force and effect than the filing and record of the appellee's commission as sheriff, or of any other document or paper the law did not require to be filed and recorded.

The act of August 1, 1868, authorized a judge of the supreme court, a chancellor, or a judge of the circuit court, to prescribe the penalty, and approve a sheriff's official bond. Pamph. Acts 1868, p. 7, § 3. But this act by its terms was confined and referred only to sheriffs "elected at the election held on the 4th, 5th, 6th, 7th, and 8th days of February, 1868." It did not operate, except as to sheriffs then elected, to repeal the sections of the Code to which we have referred, or to confer on the other judicial officers mentioned power concurrent with the power which was exclusive in the probate judge, or in the event there was no probate judge, in the circuit clerk. After the election in February, 1868, and until the admission of Alabama to representation in the Congress of the United States, and the recognition and approval of the Constitution of 1867, the officers elected could make no claim to their respective offices, — could execute no official bonds, — and there was no power to recognize them or their authority. A special statute, prescribing the mode by which they could be inducted into office, was a necessity after the act of Congress. To meet this necessity was the purpose of the act of 1868. When the necessity was met, the statute performed its office, and ceased to exist.

The 55th section of the act of April 22, 1873, extends, as to officers thereafter elected or appointed, to judges of the supreme court, chancellors, or judges of the circuit court, the power of approving the official bond of a sheriff. This statute was passed long after the approval of the bond of the appellee, and after the judgment in this cause. It can have no operation on the case presented by the record.

The appellant correctly refused to file and record the bond presented by the appellee. He had no authority so to do, and the court should not have awarded a *mandamus* commanding him to file and record the bond. A *mandamus* is never awarded to compel an officer to do that which it is not lawful for him to do, without such mandate. *State* v. *Judge*, 15 Ala. 740.

The judgment is reversed, and a judgment here rendered dismissing the application of the appellee, and he must pay the costs in this court and the court below.