# State, *ex rel.* Moniac *v.* Brewer, Auditor.

## Application for Mandamus.

1. *Code of 1876, § 596, construed.*—It is the fact of default by a public official, and not its ascertainment by suit, which makes it the duty of the Auditor (Code of 1876, § 596,) to withhold a warrant from such public defaulter for moneys due him by the State ; and such default sufficiently appears if shown by the records and books in the Auditor's office.

2  *Same.*—The fact that the default out of which this indebtedness to the State arose, occurred in the discharge of the duties of another and distinct office from that in which the defaulter earned the amount claimed from the State, does not affect the right and duty of the Auditor to withhold the warrant.

3.  *Same ; conclusiveness of Auditor's action under.*—The withholding by the Auditor of a warrant for money due by the State to an officer, on the ground that he is a public defaulter, to an amount exceeding the amount claimed, is not conclusive of the fact or amount of the default, and amounts to no more than the refusal of an individual to answer a demand against him, because he has a set-off.

4.  *Refusal of Auditor to draw warrant ; what proper remedy for.*—If the Auditor refuses to draw his warrant for just claims against the State, for the payment of which provision is made by law, *mandamus* is the remedy; and when the refusal is put on the ground that the applicant is a public defaulter, to an amount exceeding the amount claimed, the answer may be controverted, and the default established or disproved ; but when the answer sets up such default and the relator demurs, mandamus must be denied.


APPEAL from Montgomery City Court.

Tried before Hon. JOHN A. MINNIS.

This was an application by the appellant, D. A. Moniac, for a *mandamus* to compel the appellee, Hon. Willis Brewer, State Auditor, to draw his warrant on the State Treasurer in favor of relator for the amount of fees alleged to be due him as sheriff of Baldwin county. An alternate writ having been issued, the Auditor answered, averring that at the time

[State, ex rel. Moniac v. Brewer, Auditor.]

the accounts of Moniac were presented and payment demanded, the said Moniac was and is a public defaulter in a sum largely in excess of the amount due to him, by reason of defaults committed by him as tax collector of Baldwin county, to which office Moniac had been elected after the expiration of his term of office as sheriff. This return of the Auditor was demurred to on the ground, 1. That the return did not show that Moniac was a defaulter as sheriff, and that his default as tax collector could not be set up against a claim as sheriff. 2. That the return did not show that the relator had been judicially ascertained to be a defaulter, and that the averment that he was a defaulter, is the mere averment of a legal conclusion. The city court overruled the demurrer and refused the writ, and Moniac appealed to this court.

GEORGE F. MOORE and CHARLES J. WATSON, for appellants.— There was no allegation in the return that the appellant had been judicially ascertained to be a defaulter. Can the Auditor, by a mere *ex parte* declaration, refuse to draw his warrant for fees due relator? To give the Auditor this power would be to confer on him power to render judgment without a hearing, and pronounce upon rights without opportunity for the opposite party to defend. The default alleged in the answer is as tax collector, the fees claimed and admitted to be due are claimed in the capacity of sheriff. How could a sheriff be a defaulter to the State? He collects no part of the revenue of the State, he keeps no account with the State, he only receives certain fees for certain services. The defaults of one officer can not be visited on another, and this rule is unchanged when the two offices are filled by the same person.—1 Wyoming, 318; 6 American Reports, 754.

H. C. TOMPKINS, Attorney-General, *contra.*—The Auditor is expressly prohibited from drawing his warrant in favor of any defaulter for moneys due him from the State. No judicial ascertainment of the default is necessary; it is enough that the records kept by the Auditor make it appear that the default has been committed. The same opportunity would be given the relator to contest the truth of this averment in this proceeding, as in any other. It can make no difference in what capacity the money is due to the State. It is the fact that money is due the State, not the character of the debtor, which gives the State the right to retain, and no matter in what capacity due, the fact that the person who claims the warrant owes money to the State, is fatal to his right to a warrant.

[State, ex rel. Moniac v. Brewer, Auditor.]

BRICKELL, C. J.—It is the duty of the State Auditor to adjust the claims of all persons against the State, where provision for the payment thereof has been made by law. But he is expressly prohibited from giving *any public defaulter* any warrant for moneys due him from the State, except the balance which is due after the application of the amount due from the State to the extinguishment of the debt, interest and damages, if any are given by law, due from such defaulter. Code of 1876, § 596. The purpose of the statute is manifest, and is just and equitable. It is to confer on the State an unqualified right of retaining—of withholding the moneys in the public treasury, appropriated by law to a person who is indebted to the State, in satisfaction of such indebtedness, when such indebtedness arises from the breach of duty while occupying a public office. The right is not so broad as the right of set off, which the statutes confer on individuals, and no officer has any cause to complain that the State is thereby armed with a power of oppressing him. It is not necessary the default should have been ascertained by a suit against the officer. The Auditor, in asserting the right to retain, must act on the information furnished by the books and records of his department. His action is not conclusive. It does not establish that the person claiming the warrant is a defaulter, and that the right to retain claimed by the Auditor exists. The assertion of the default, and of the right of retainer, by the Auditor, has no more force than has the refusal by an individual to answer a demand against him because he has a set off. When he is sued on the demand the set-off must be pleaded, and must be proved, if it is not admitted. The remedy against the Auditor, is by *mandamus;* and his answer or return averring the default and the right to retain may be controverted and the facts put in issue, with the same facility that the fact of set-off when claimed in a suit between individuals may be controverted.—Code of 1876, § 3601. The answer was not in this case controverted, its truth was admitted by the demurrer, and being admitted, if the court had compelled him to draw the warrant in favor of the relator, it would have compelled him to violate the statute. A *mandamus* will lie to compel inferior tribunals, or ministerial officers to perform duties required by law. It will not lie to compel an officer to do that which it would not be lawful for him to do without its mandate.—*State v. Judge*, 15 Ala. 740. In other words, it does not create duties and compel their performance, but it compels the performance of duties the law has created.

The right of the State to retain, and the duty of the Auditor to withhold the warrant, does not depend upon the fact,

that the moneys due the officer, and his indebtedness to the State, arise from his occupying the same official relation. It is the fact of indebtedness to the State, arising from a breach of official duty, that gives the State the right of retaining any moneys which may be subsequently due the officer of the default, whether due to him in the same official capacity, or in another, or individually.

The judgment is affirmed.