# BOARD OF COMMISSIONERS OF LARAMIE COUNTY
## v. ATKINSON.

CLERK OF COURT—BOND—SALARY—FAILURE TO ACCOUNT FOR AND
PAY OVER FEES.

1. A clerk of the district court remains the dejure clerk,
notwithstanding his failure or refusal to furnish a new
bond as required by the board of county commissioners,
said office not having been declared vacant by the board or
any competent authority.

2. Being the only person entitled to the office, or claiming
it, he is entitled to the salary thereof.

3. The failure of such clerk to make a report of the fees
collected by him, which is required by law, and which fees

he is required to pay over to the county treasurer, does not entitle the county board to withhold his salary, in the absence of a statute authorizing it.

4. Neither may the board refuse to pay such salary on account of the failure of the clerk to account for and pay over the fees collected by him.

5. He is entitled to his salary, and is responsible, with the sureties on his bond, for the misappropriation of, and failure to account for, the fees.

[Commenced in District Court November 27, 1891. Decided August 29, 1893.]

ERROR to District Court of Laramie County, HON. RICHARD H. SCOTT, Judge.

Action by Samuel Atkinson, clerk of the district court of Laramie County, against the board of the county commissioners of the County of Laramie for the salary of such office for the quarter ending September 30, 1891. There was a difference between the clerk and the board respecting the application of the law requiring the clerk to account for the fees of his office, to the fees collected in probate matters.

The other facts are fully stated in the opinion.

*J. M. Davidson*, County Attorney, and *Potter & Burke*, for plaintiff in error.

Counsel contended that the county board was entitled to withhold an officer's salary for a failure to give a new bond as required, and a refusal to account for certain fees which it was claimed should be paid into the county treasury. That, although a vacancy in the office would be filled by appointment by the judge, the board controlled the bond, and had the authority to require a new one. That until such order should be obeyed the salary ought not to be recovered. Again, that probate fees belong to the county and must be paid over in the same manner as the other fees of the office. Set off was not claimed, but it was argued that until the officer accounted for his fees he was not entitled to his salary.

*A. C. Campbell,* for defendant in error.

The board had no authority to exact a new bond. Secs. 1911 and 1913 do not refer to clerks of court. See Sections 850-851, Rev. Stat.; Chap. 13, Laws 1890, p. 26; Laws 1890-91, Chap. 53, Sec. 9.) Clerk entitled to his salary so long as he discharged the duties of his office. He cannot be removed by commissioners. (Sec. 3, Chap. 53, Laws 1890-91.) The power to fill vacancy has power to vacate. (Sec. 47, Laws 1890, p. 164.) An officer's salary is an incident of the office and is not subject to set-off or recoupment. (Opinion of Wirt, attorney general; 102 N. Y., 536.) Commissioners have no authority to demand an accounting from clerk. It is the treasurer's duty. (Chap. 53, Laws 1890-91, p. 195.)

GROESBECK, CHIEF JUSTICE.

Defendant in error brought suit in the district court for Laramie County for his salary as clerk of the district court of that county for the months of July, August and September, 1891, in the sum of $500.00. Plaintiff in error answered that one of the sureties on the official bond died after the qualification of defendant in error as clerk of said court, and that it, as the board of county commissioners, by reason of the fact of the death of such surety, made an order requiring the defendant in error as clerk of the district court aforesaid, to furnish a new official bond, of which he was duly notified, but failed to furnish said bond. For a further defense to said action plaintiff in error in its answer alleged that Atkinson, the defendant in error, during the quarter ending the 30th day of September, 1891, acting as such clerk, collected various fees as district court commissioner, which were imposed upon him as said clerk, there being no court commissioner provided by law, and that at the October meeting of the board of county commissioners of said county it requested and required him to make a report and statement of the amount of fees collected and received by him in probate matters, which he failed, neglected and refused to do. The third defense alleges that the assessed valuation of the county of Laramie for the year 1891 is $7,756,840.43 and

that the salary of the clerk of the district court for that county, based on the assessed valuation of the property of said county, is not $2,000, but does not exceed the sum of $1,950.00 per annum. The last defense was abandoned on argument and will not be considered by us. Neither of these defenses insisted upon were sufficient.

1. Notwithstanding the failure or refusal of the clerk of the district court to furnish the new bond as required by the board of county commissioners, upon the death of one of the sureties to his official bond, assuming that such board had the right to require it, upon which we express no opinion, he was still the de jure clerk of the district court for that county, as his office had not been alleged to be vacant, either by declaration of the board or any competent authority, and no steps had been taken to oust him from the office. Being the only person entitled to the office or claiming it, there can be no question that he was entitled to the salary of such office.

2. If it was the duty of the clerk to turn over to the county treasurer certain fees which were by law required to be accounted for and paid over by him, and he had failed or refused to do so, such fact was no defense to his action for his salary. No amount of fees is alleged in the answer as retained by the clerk that could be treated as a set-off to his claim for salary. A direct proceeding for that purpose to compel to account and settle for such fees received and retained by him is provided by statute. All fees prescribed by statute for civil business must be collected in advance by the clerk and paid to the treasurer of the county at the end of each month. The clerk is liable under his bond for the collection and payment of such fees and the bond of the clerk must contain a condition for the proper payment of all moneys collected by him. Chap. 53, Sess. Laws 1890-91, Sections 6, 7 and 9. The statutory provisions were doubtless enacted to carry into effect the constitutional provision requiring certain officers, including clerks of the district courts to keep a true and correct account of all fees collected by them, and to pay the same into the proper treasury

when collected, and providing that the officer whose duty it is to collect such fees shall be held responsible, under his bond, for neglect to collect the same. Con. Wyo., Art. 14, Sec. 2. Our constitution provides that all state, city, county, town and school officers (excepting justices of the peace and constables in precincts having less than 1,500 population, and excepting court commissioners, boards of arbitration and notaries public) shall be paid fixed and definite salaries. Con., Art. 14, Sec. 1. The clerk of the district court being a county officer, falls within the class of salaried officers enumerated in the constitution and he must receive a salary and must pay over the fees chargeable to law to the county. The receipt of the salary and the payment of the same is in nowise connected with the disposition of the fees which are to go into the county treasury, and this distinction is preserved in the organic and in the statutory law. A direct proceeding is necessary to compel the clerk to account for and pay the fees received by him, upon his bond, and this has not been resorted to. The clerk of the district court can be reached in such an action and be made to comply with the provision of the statute, or by other proceedings. The clerk must not pay himself his salary out of the fees he has received or deduct that from his bill, or his claim for salary from the amount of the fees, and pay over the difference. He must discharge the obligations of his office under the terms of the law, and take his pay as other officers get theirs. New Orleans v. Finnerty, 27 La. Ann., 681; Cullom v. Doloff, 94 Ill., 330. The converse of this proposition ought to be true, in the absence of a statute permitting the withholding of the salary, in case of a retention of the fees. It was held by the Supreme Court of Alabama that the state auditor might withhold a warrant from a public defaulter for moneys due the state, when such default sufficiently appears from the records and books in the auditor's office, but this decision was based upon a statute expressly prohibiting the auditor from giving a public defaulter any warrant for moneys due from the state, except the balance due after the extinguishment of the defalcation. State v. Brewer, 62 Ala., 215. But

it seems in the case at bar that no delinquency of the clerk, if it was a delinquency, could be ascertained from the data in any county record, as the amount of the alleged fees retained by the clerk is not set forth in the answer. It may be that the clerk was not bound to account for or pay over the fees received by him, while acting as district court commissioner, an office entirely distinct from the clerkship, and to which no fixed and definite salary attaches under the constitution or the statute, but it is unnecessary to decide that question in this proceeding. The salary of the office when fixed by law was not a matter of contract between the officer and the county, but is attached to the office by virtue of the statute fixing the salary. Fitzsimmons v. Brooklyn, 102 N. Y., 536. Not being a matter of contract, we do not see how the salary may be withheld or set off against for failure to collect the fees assessed against litigants for the use of the public to be paid into the public treasury. It was held in Indiana in the absence of a statute so providing, that a county could not be held to answer to its indebtedness to an execution debtor for his salary as an officer of such county in proceedings supplementary to execution, as without such a rule it would frequently be within the power of an individual to endanger the public interests or even check the wheels of government, which would be a far greater public evil than the occasional delay or even sacrifice of a private right. The exemption given to the officer was not granted for a private advantage, but to the office from public necessity. Wallace v. Lawyer, 54 Ind., 501. So it has been held that an assignment of the unearned salary of a public officer is void as the necessity is imperative to maintain the efficiency of the public service by seeing to it that public salaries really go to those who perform the public service. Bliss v. Lawrence, 58 N. Y., 451, and cases there reviewed. The payment of the salary of the clerk would be no admission on the part of the county or state that it might not enforce its demands against a derelict or defaulting official. A settlement with a clerk of a court, where the board of supervisors of a county failed to compel him to account

for certain fees collected by him and belonging to the county, was held in Iowa not to estop the county from afterwards demanding and recovering such fees, and this case was where the clerk was allowed a fixed salary and the fees received by him were directed to be paid by him into the county treasury, the action being brought on the official bond of the clerk to recover the fees. Palo Alto County v. Burlingame et al., 71 Iowa, 201.

As the statute provides for the payment of the clerk of a fixed salary in quarter yearly installments, and under constitutional authority for an action on the bond of the clerk of the district court to recover fees not accounted for and not paid over to the proper officer appointed to receive the same, we do not see how the county board can refuse to pay him his salary or to withhold it or any portion of it, in the absence of a statute so permitting it to act, for failure to account and pay over the fees collected by the officer. He is entitled to his salary and is responsible with the sureties on his bond for the misappropriation and failure to account for the fees.

The judgment of the district court for Laramie county in sustaining the demurrer to the answer and rendering judgment for the defendant in error for the amount of his salary is therefore affirmed.

CONAWAY and CLARK, JJ., concur.