(103 So. 476)

**DAVIS, Atty. Gen., v. BROWN. (3 Div. 661.)**

(Supreme Court of Alabama. Jan. 22, 1925.
Rehearing Denied April 16, 1925.)

**I. Mandamus ⬤⬤87—Special Assistant Attorney General, holding himself "in readiness" to perform services, held not entitled to mandamus to compel Attorney General to certify that services were actually rendered.**

Since, under Code 1923, §§ 861–863, the Attorney General is required to certify that services of a special Assistant Attorney General were "actually rendered," before such services shall be paid for, *held*, that mandamus will not lie to compel such certification at instance of a special assistant, who was holding himself "in readiness" to perform any duties assigned to him, where assistant's services were limited to specified litigation, which services assistant had performed, thus terminating his status as a special assistant.

**2. Mandamus ⬤⬤12—Writ will not lie to compel doing of act which would not be lawful without its command.**

Mandamus will not lie to compel doing of an act which, without its command, would not be lawful or proper.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Petition of L. E. Brown for mandamus to Harwell G. Davis, as Attorney General of Alabama. Judgment for petitioner, and respondent appeals. Reversed, rendered, and remanded.

Harwell G. Davis, Atty. Gen., and A. A. Evans, Asst. Atty. Gen., for appellant.

To warrant mandamus, the relator must show a clear legal right. Ex parte Harris, 52 Ala. 89, 23 Am. Rep. 559. Mandamus will not lie to compel the exercise of a judicial power. Ex parte Thompson, 52 Ala. 98; Thompson v. Holt, 52 Ala. 502; McDuffie v. Cook, 65 Ala. 431; Mobile Mut. Ins. Co. v. Cleveland, 76 Ala. 324; State ex rel. Higdon v. Jelks, 138 Ala. 115, 35 So. 60.

Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

Discretion having already been exercised, the writ will lie to compel the issuance of certificate. The contract is binding on appellant. State ex rel. Turner v. Henderson, 199 Ala. 244, 74 So. 344, L. R. A. 1917F, 770.

SOMERVILLE, J. The proceeding is by petition for mandamus to compel the Attorney General to issue an appropriate certificate, or certificates, for the compensation alleged to be due to the petitioner for services as Assistant Attorney General. The petition shows the following material facts:

(1) On January 21, 1919, petitioner was employed as Assistant Attorney General of Alabama, under a written agreement executed by himself and the then Attorney General, J. Q. Smith, and approved by the Governor, under the provisions of section 4 of the act approved September 22, 1915 (Code 1923, §§ 861–863).

(2) This contract provided that petitioner should devote his time to the performance of such duties as might be assigned to him by the Attorney General, or prescribed by law, for a period beginning January 21, 1919, and ending January 21, 1923, for which he should receive $3,000 per annum, payable monthly.

(3) On October 1, 1919, by the mutual agreement of the parties thereto, indorsed thereon, the contract was changed by increasing the compensation from $3,000 to $3,600 per annum.

(4) On February 16, 1920, petitioner requested of the Attorney General and the Governor that he be allowed to resign or withdraw from his said employment as special Assistant Attorney General, to which on the same day he received the following reply:

"This is to advise that under your contract with the state of Alabama your services as special Assistant Attorney General will be limited to assisting in the conduct of litigation with reference to the Atlantic Coast Line Railroad Company franchise tax, and cases involving the validity of the coal and iron ore tonnage tax, the fuel oil inspection tax, and income tax.

"[Signed] J. Q. Smith, Attorney General.

"Approved: [Signed] Thos. E. Kilby, Governor."

(5) Petitioner "has performed all of the duties required of him under the terms of his said contract of employment, as modified or affected from time to time in writing by the Attorney General of the state, approved by the Governor, and has continuously held himself in readiness to perform said duties prescribed or assigned to him."

(6) All payments due under said contract were promptly paid to him by the state of Alabama up to and including the payment due January 31, 1921, since which time no payment has been made, though proper demands have been made therefor.

Section 4 of the act referred to (Code 1923, §§ 861–863) provides that:

"The Attorney General, with the approval of the Governor, or the Governor himself, may retain and employ in the name of the state of Alabama, such attorneys and counselors at law as he thinks necessary to the proper conduct of the public business, and shall stipulate in writing with such attorneys and counselors the amount of their compensation to be approved by the Governor before employing them, and shall supervise their conduct and proceedings. * * * The special assistants to the Attorney General herein authorized shall be paid upon the warrant of the auditor drawn

upon the certificate of the Attorney General, approved by the Governor, *that their services were actually rendered*, that they were necessary for the efficient conduct of the public business and could not be performed by the officers regularly provided by law." (Italics supplied.)

Conceding, without deciding, that the certification of those facts by the Attorney General is a merely ministerial act, which can be coerced in proper cases by the mandatory process of a court, yet it is too clear for serious controversy that the act contemplates and provides for the payment of compensation only in those cases where the services contracted for have been *actually* rendered, as distinguished from a merely constructive performance on the part of the contractor by holding himself *in readiness* to perform. Quite obviously, the Legislature intended to pay these special assistants only for completed services, and not for being ready to serve, to whatever cause the failure to serve may be properly attributed.

On the showing of this petition, it appears that petitioner completed the services assigned to him and received the stipulated monthly pay therefor. Those services were designated and expressly limited by the letter of the Attorney General to petitioner of the date of February 16, 1920. The reasonable inference is that after the completion of the litigation therein referred to—that is, prior to January 31, 1921—the status of special Assistant Attorney General was ended as an *actual fact*, though it may have theoretically continued as a matter of law, and that thereafter petitioner had no duties assigned to him for performance, and it was not intended nor contemplated by the Attorney General that he should perform any.

[1, 2] We, of course, do not mean to say that it was necessary for the assistant to be *constantly* engaged in official labors in order to be entitled to receive compensation. But, when there is a de facto termination of his employment, and an actual cessation of his services under the supervision of the Attorney General, thenceforth there is no basis for the certificate required of the Attorney General, without which no warrant for his compensation can be legally drawn by the auditor. Certainly the Attorney General could not in this case certify that the services for which petitioner is claiming compensation have been "actually rendered," and it would be of no avail to certify that petitioner has stood *in readiness* to perform services which had been withdrawn from him, and which he was no longer desired or expected to perform; and it is elementary that mandamus will not lie to compel the doing of an act which, without its command, would not be lawful or proper. Walker v. Judge, etc., 15 Ala. 740; Cook v. Candee, 52

Ala. 109; Ex parte Harris, 52 Ala. 89, 23 Am. Rep. 559.

The first ground of the demurrer to the petition points out its failure to show that the services claimed for were actually rendered, and on this ground, at least, the demurrer should have been sustained. As this defect is vital, and apparently irremediable, we do not consider other questions presented by the pleadings. The case of Turner ex rel. v. Henderson, 199 Ala. 244, 74 So. 344, is not in point here, since in that case the services contracted for had been actually rendered by the special Assistant Attorney General, and the Attorney General had so certified.

We do not wish to be understood as concluding upon the right of petitioner as for a breach of the contract under which he was employed; but, if he has any remedy in that behalf, it must be found in some other proceeding. Let the decree of the circuit court be reversed, and a decree be here entered sustaining the demurrer, and the cause be remanded for further proceedings in accordance with this opinion.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.