(113 So. 580)

## DAVIS, Atty. Gen., v. STATE ex rel. BROWN.
(3 Div. 806.)

Supreme Court of Alabama. June 30, 1927.

**1. Attorney General ⚖2 — Special Assistant Attorney General's contract to assist in conducting certain litigation held to contemplate active conduct thereof (Code 1923, § 863).**

Contract with Special Assistant Attorney General, as modified by letter advising him that his services would be limited to assisting in conduct of litigation in certain cases, construed with Code 1923, § 863, *held* to contemplate services in active conduct of litigation, as distinquished from mere passive waiting for determination of case pending on appeal, continuance of case on docket, etc., which could be done by regular officers.

**2. Attorney General ⚖3—Special Assistant Attorney General, employed for active conduct of litigation, held not entitled to salary for year in which agreed continuance was only court proceeding (Code 1923, §§ 861, 863).**

Special Assistant Attorney General, employed to assist in active conduct of litigation in certain cases, *held* not entitled to salary, under Code 1923, §§ 861, 863 for year during which no steps were taken in court, except continuance of one such case under agreement with opposing counsel.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Petition of the State of Alabama, on the relation of L. E. Brown, for mandamus to Harwell G. Davis, as Attorney General of Alabama. From a judgment granting the writ, respondent appeals. Reversed and rendered.

Charlie C. McCall, Atty. Gen., and A. A. Evans, Asst. Atty. Gen., for appellant.

The determination whether or not services were actually rendered by relator, or whether services actually rendered, if any, were necessary or could not be performed by the officers regularly provided, required the exercise of a judicial power, which will not be controlled by mandamus. State ex rel. Daly v. Henderson, 199 Ala. 428, 74 So. 951; Ex parte Harris, 52 Ala. 87, 23 Am. Rep. 559; Ex parte Thompson, 52 Ala. 98; State ex rel. Higdon v. Jelks, 138 Ala. 115, 35 So. 60. To warrant the issue of the writ, relator must show a clear legal right to the performance of the duty sought to be compelled. Ex parte Harris, 52 Ala. 89, 23 Am. Rep. 559; Davis v. Brown, 212 Ala. 604, 103 So. 476.

Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

In support of the judgment, counsel cite State ex rel. Turner v. Henderson, 199 Ala. 244, 74 So. 344, L. R. A. 1917F, 770; 16 C. J. 672.

BROWN, J. The effect of the decision on the former appeal was to read into the contract the provisions of the statute under which it was made, and, as thus construed, the contract was held to limit petitioner's right to compensation for services "actually rendered." Davis, Atty. Gen., v. Brown, 212 Ala. 604, 103 So. 476.

[1] The contract originally entered into, and as first modified, clearly contemplated that the petitioner should "devote his time, as Special Assistant Attorney General, to the performance of such duties in the office of the Attorney General" as might be assigned to him by the Attorney General, and for which he was to be paid an annual salary, in monthly installments, as "stipulated in writing," as required by the statute (Code of 1923, § 861).

Pending this contract, and as to this there is no dispute, the petitioner tendered his resignation that he might accept other employment or engage in the general practice of the law, and in response, the Attorney General, with the approval of the Governor, delivered to the petitioner the following letter:

"This is to advise that under your contract with the state of Alabama, your services as Special Assistant Attorney General will be limited *to assisting in the conduct of litigation* with reference to the Atlantic Coast Line Railroad Company franchise tax, and cases involving the validity of the coal and iron ore tonnage tax, the fuel oil inspection tax, and income tax." (Italics supplied.)

Construing the contract as last modified, in connection with the provisions of the statute (Code 1923, § 863), that "the special assistants to the Attorney General herein authorized shall be paid upon the warrant of the auditor drawn upon the certificate of the Attorney General, approved by the Governor, that their services were actually rendered, that they were necessary for the efficient conduct of the public business and could not be performed by the officers regularly provided by law," it contemplated services rendered in the active conduct of litigation, as distinguished from the mere passive waiting the determination of a settlement of the legal questions in the Crane Case, then pending on appeal, and a continuance of the Atlantic Coast Line Case on the docket, followed by furnishing the data as a basis for a final payment of the franchise tax due in that case, a service that could well have been performed by the

officers provided by law. When the active litigation ceased in the designated matters, as was held on the former appeal, the petitioner's status as Special Assistant Attorney General was ended, as "an actual fact." Davis, Atty. Gen., v. Brown, supra.

[2] The petitioner admits that "there were no steps taken in the courts between January 31, 1921, and January 31, 1922," in these matters, except the continuance of the Coast Line Case under an agreement with counsel representing the railroad company, and that he had been fully paid for all services rendered prior to January 31, 1921.

Therefore, viewing the case stripped of technical questions of pleading, the petitioner's asserted right is without foundation in fact or law, and the judgment of the circuit court will be reversed, and the petition for the writ of mandamus dismissed.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.