# Sandford v. Wiley.

## Detinue.

(Decided April 21, 1910. 52 South. 339.)

1. *Abatement and Revivor; Other Actions Pending.*—A subsequent suit by a plaintiff against the defendant on the same cause of action is not precluded by a summons in the justice court purporting to be by the plaintiff against the defendant, but not signed by plaintiff or his attorneys and disowned by plaintiff as soon as he saw it, followed by a refusal on his part to prosecute the suit.

2. *Sales; Title of Buyer.*—Where an owner of cattle sold them to a buyer who paid the price for them, a subsequent sale of the same cattle by the owner to a third person did not pass title to such third person to the cattle.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Action of detinue by W. D. Sanford against W. A. Wiley. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The appeal is from a judgment denying plaintiff a motion for new trial, the main basis for which is that the court erred in admitting in evidence a paper purporting to be a summons in another case between the parties to this suit. The evidence of the plaintiff was that the defendant was a tenant living on his place during the years 1904-05, and that about the last of January, 1904, the plaintiff bought the cattle sued for in this case from one Thomas Heath, the calf being the increase since that time; that he let the defendant have the cow to milk while on his place, and told him to leave them there when he left; that the defendant remained upon the place until the end of 1905, when he moved off, taking the cattle with him; and that plaintiff did not know of his having moved the cattle until shortly before bringing the suit, whereupon he made demand for

the cattle. Heath was introduced for the plaintiff, and testified to the fact of the sale and payment by plaintiff, and that defendant had not paid him anything. Defendant's defense was that he bought the cattle from Heath, paying him $10 in cash and offering him his note for the balance, but that Heath declined to accept it, and told him that he must get the cash, whereupon he went to his landlord, Sanford, and he replied: "That is all right. I will settle with Heath for you." The question as to the summons and complaint is sufficiently set out in the opinion.

C. E. O. TIMMERMAN, and GUNTER & GUNTER, for appellant. Counsel discuss the errors insisted on but without citation of authority.

THOMAS & BALLARD, for appellee. Counsel discuss the issues, but without citation of authority.

SIMPSON, J.—This is an action of detinue, brought by the appellant, against the appellee, for a cow and calf. The court erred in overruling the motion of the plaintiff for a new trial. The court had admitted on the trial a previous summons in the justice of the peace court, purporting to be by the plaintiff against the defendant, which summons was not signed by the plaintiff or his attorney, and the evidence showed, without conflict, that the plaintiff disavowed said summons as soon as he saw it, refused to sign it, did not prosecute that suit, but immediately brought this suit. The plaintiff and a witness, Heath, testified that plaintiff had bought the cattle from Heath and paid for them the last of January or the first of February, 1904, and plaintiff stated that he had loaned the same to the defendant. The defendant did not introduce any evidence

[DeJarnette v. Dreyfus, et al.]

to contradict these witnesses, but testified that in May, 1904, he had bought the cattle from Heath. Giving credit to all of the testimony, even if the defendant did purchase the cattle from Heath (or attempt to purchase same) after they had been sold by Heath to the plaintiff, such purchase could not pass any title to the cattle, and plaintiff would be entitled to the general affirmative charge.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded.

Dowdell, C. J., and McClellan and Sayre, JJ., concur.