[Civ. No. 791. First Appellate District.—June 16, 1911.]

## CORA A. HELFRICH, Respondent, v. ROBERT ROMER, Appellant.

ACTION UPON NOTES—SUPPORT OF FINDINGS—SEPARATE PROPERTY LOANED TO DEFENDANT—NONPAYMENT FROM PARTNERSHIP FUNDS.—It is held in this action upon two notes that the evidence supports the findings of the court that the notes were the separate property of plaintiff, loaned through her husband to defendant personally, and were properly assigned by the husband to plaintiff, as alleged in the complaint, and that the money was not loaned to the husband to be used in partnership business between the husband and defendant, and that the notes were not paid out of partnership funds, as alleged in the answer, in bar of the action.

ID.—PREVIOUS UNAUTHORIZED ACTION ON NOTES—PLEA IN ABATEMENT NOT SUSTAINED.—Where the evidence shows that the notes were placed in the hands of an attorney for collection, and that he, without authority from plaintiff, commenced an action upon the

16 Cal. App.—28

notes in the name of a third party, a plea in abatement on account of such action pending is not sustained.

ID.—ACTION FOR PARTNERSHIP ACCOUNTING BY DEFENDANT—WIFE SUED NOT A PARTNER—INSUFFICIENT PLEA IN ABATEMENT.—A pending action by defendant against the husband and wife for a partnership accounting, the wife not being a partner, cannot be ' pleaded in abatement of the wife's action on the notes.

ID.—GENERAL RULE AS TO PLEAS IN ABATEMENT—PLAINTIFFS MUST BE THE SAME IN BOTH SUITS.—It is a general rule, as to pleas in abatement, that before one suit may be pleaded in abatement of a second suit, it must appear that the plaintiffs are the same in the two suits.

ID.—DEFENSE NOT APPLICABLE TO CROSS-SUITS.—The defense of an action pending does not apply to cross-suits.

ID.—FINDING AS TO PENDENCY OF ACTION FOR ACCOUNTING—JUDGMENT FOR PLAINTIFF—REVIEW UPON APPEAL FROM ORDER.—Where the court found the pendency of the action for an accounting, and gave judgment for the plaintiff nevertheless, if this be conceded to be error, as claimed by the appellant, it does not require or justify a new trial, but can only be corrected upon an appeal from the judgment, which is not taken. It presents a case, if the contention of the appellant be correct, that it shows a ground for abating this action, of a judgment not supported by the findings; but that the judgment is not supported by the findings is not a ground for a new trial and cannot be reviewed upon appeal from the order denying a new trial.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Wm. P. Hubbard, for Appellant.

W. H. Barrows, for Respondent.

HALL, J.—This is an appeal from an order denying defendant's motion for a new trial.

The action is one upon two promissory notes, one for $1,000 and the other for $92, alleged to have been executed by defendant to G. P. Helfrich, husband of plaintiff, as her agent, and in consideration of money, alleged to be the separate property of plaintiff, loaned to defendant. It is also alleged that said G. P. Helfrich, after the execution of said notes,

indorsed and delivered them to plaintiff, and that no part of either has been paid, save $20 as interest.

Defendant in his answer denied that said notes were executed to said G. P. Helfrich, as agent of plaintiff; that the money loaned thereon was the separate property of plaintiff; that said G. P. Helfrich indorsed or delivered said notes to plaintiff, and alleged payment in full of said notes.

Defendant affirmatively alleged that defendant and G. P. Helfrich were copartners, and that said notes were given in consideration of money originally borrowed by said G. P. Helfrich for partnership purposes, and that said G. P. Helfrich has received full payment from said partnership funds of said notes.

Defendant further alleged that he had commenced an action against G. P. Helfrich and Cora Helfrich as defendants, for the purpose of obtaining an accounting of said partnership business, and that said notes be delivered up and canceled. The answer also alleged that plaintiff in March, 1906, before the commencement of this action, caused to be filed in the superior court of the city and county of San Francisco an action against defendant upon said two promissory notes, and that said action is still pending.

The court made findings of facts in accordance with the allegations of the complaint and against the contentions of the defendant, save that it found that defendant had commenced an action against G. P. Helfrich and plaintiff for an accounting of the affairs of said copartnership (which it found had been formed between said G. P. Helfrich and defendant, after the execution of said two promissory notes) as alleged in defendant's answer, and that said action is still pending.

Appellant attacks the sufficiency of the evidence to support the findings, and devotes a considerable portion of his brief to discussing the evidence that tends to support the theory that the money represented by the notes was borrowed and used for partnership purposes. Upon this point it is sufficient to say that the evidence given by G. P. Helfrich and plaintiff amply supports all the allegations of the complaint, and the findings made by the court upon all issues presented in bar of the action. As the record discloses no plausible reason for contending to the contrary, no good purpose can be served by setting out the evidence given *pro* and *con* upon

the issues presented by the allegations of the complaint and the matters set up in the answer in bar of the action.

As to the matter pleaded in abatement of the action, to the effect that the plaintiff in March, 1906, had caused an action to be filed against defendant upon said notes, the evidence shows that prior thereto plaintiff placed the two notes in the hands of her attorney for collection, who brought an action thereon against defendant in the name of one McKinley, all the papers and records of which were destroyed in the conflagration of April, 1906. The evidence tends to show that said notes were never indorsed or delivered to McKinley, and that the suit was brought in his name without any authorization from plaintiff so to do. It is not pretended that any action was ever brought in her name on the notes, and the court was justified from the evidence in finding that she never caused any action to be brought on said notes as alleged in the answer.

The matter pleaded and found as to the pendency of the action brought by defendant against G. P. Helfrich and plaintiff, for an accounting of the alleged copartnership between defendant and G. P. Helfrich, did not constitute a good plea in abatement. It, at best, as against plaintiff, presented a case of a cross-demand only. The plaintiffs, or the actors in the two suits, are not the same. It is not alleged or claimed that she was a member of the copartnership. The general rule is that before one suit may be pleaded in abatement of a second suit it must appear that the plaintiffs are the same in the two suits. The defense of *lis pendens* does not apply to cross-suits. (*O'Connor* v. *Blake,* 29 Cal. 313; *Ayres* v. *Bensley,* 32 Cal. 630.) The exceptional conditions existing in *Coubrough* v. *Adams,* 70 Cal. 374, [11 Pac. 634], are absent from this case. Furthermore, the court found the pendency of the action for an accounting as alleged in the answer, but gave judgment for plaintiff nevertheless. If this was error, it does not require nor justify a new trial, but can only be corrected by an appeal from the judgment. It presents a case, if the contention of appellant be correct, that it shows a ground for abating this action, of a judgment not supported by the findings. That the judgment is not supported by the findings is not a ground for a new trial. (*Brison* v. *Brison,* 90 Cal. 323, [27 Pac. 186]; *Pierce* v. *Willis,* 103 Cal. 91, [36

Pac. 1080]; *Petaluma Paving Co.* v. *Singley,* 136 Cal. 616, [69 Pac. 426].)

No other points are made for a reversal.

The order is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 15, 1911.