200 So. 892

**Ex parte TEAGUE et al.**

**6 Div. 718.**

Supreme Court of Alabama.

Nov. 22, 1940.

Rehearing Denied March 27, 1941.

Lange, Simpson, Brantley & Robinson and W. P. Rutledge, all of Birmingham, for petitioners.

Taylor & Higgins, of Birmingham, for respondent.

54

LIVINGSTON, Justice.

This is a petition for a writ of mandamus commanding or directing J. Edgar Bowron, as Judge of the Tenth Judicial Circuit of the State of Alabama, to enter an order or judgment sustaining a plea in abatement, or to vacate, set aside and annul an order or judgment for the plaintiff on said plea in abatement, entered in the case of Mrs. Geneva Price, plaintiff, versus The Birmingham News, a corporation; Age-Herald Publishing Company, a corporation; Bob Teague and Jefferson Nelson, defendants, in the Circuit Court of Jefferson County, Alabama, on March 15, 1940.

In response to a rule nisi issued by this court on June 28, 1940, the respondent J. Edgar Bowron, as Judge of the Tenth Judicial Circuit of the State of Alabama, answered. The substance of respondent's answer is as follows: That on, to-wit, September 5, 1939, Mrs. Geneva Price, as plaintiff, filed a suit against Bob Teague, Jefferson Nelson and others, as defendants in the Circuit Court of Jefferson County, in which she seeks to recover damages for and on account of the death of her minor child, Marshall Price, alleged to have been killed as a proximate result of the negligence of said defendants. That the defendants Bob Teague and Jefferson Nelson filed a plea in abatement in said cause in which they substantially alleged that, the plaintiff, Mrs. Geneva Price, is the identical person who, as plaintiff, filed suit against these identical defendants in the Circuit Court of Chilton County, Alabama, on August 30, 1939, to recover damages for and on account of the death of her minor child Marshall Price, alleged to have been killed as a proximate result of the negligence of the defendants. That the suit filed in the Jefferson Circuit Court and that filed in the Circuit Court of Chilton County were for the same identical cause of action; that the defendants have filed demurrers to the cause of action pending against them in the Chilton Circuit Court, and that said cause was still pending, and prayed that the suit pending in the Jefferson Circuit Court be abated. To the plea in abatement, the plaintiff, Mrs. Geneva Price, replied in substance that the suit filed in the Circuit Court of Chilton County, wherein Geneva Price was plaintiff and Bob Teague and J. F. Nelson, and others, were defendants, was not filed by her, was not filed by anyone who was authorized by her to file a suit; that said suit was filed without authority from her and without her consent or permission.

The answer of respondent further alleges that the above cause of action was duly and regularly assigned to him, as Judge of the Tenth Judicial Circuit, by the presiding judge of said circuit for settlement of the pleadings therein, and that March 15, 1940, was set for the settlement of the pleadings in the cause; that he notified the attorneys who filed the complaint in the Circuit Court of Chilton County of the date set for the settlement of the pleadings, and of the fact that Mrs. Price claimed that the suit filed by them was unauthorized, and that they could appear for the protection of their interest, if they so desired. And it affirmatively appears, without dispute, that said attorneys received said notice.

It is further alleged in the answer of respondent that on March 15, 1940, the attorneys filing the complaint in the Circuit Court of Chilton County did not appear; that a jury being waived, the respondent, as Judge of the Tenth Judicial Circuit, proceeded to hear and determine the issues presented by the pleadings; and, further, that upon a hearing he, as Judge of the Tenth Judicial Circuit, determined the issues in favor of the plaintiff, and against the defendants and entered judgment accordingly. The answer of respondent contains the evidence which is the basis of his findings.

Without attempting to set out the evidence in detail, we will say that the evidence shows without dispute that the suit filed in the Circuit Court of Chilton County was instituted without plaintiff's knowledge, authorization or consent, expressed or implied. In fact, plaintiff testified, without contradiction, that she told the attorneys who filed the suit "not to file a suit." She further testified that upon learning that suit had been filed, she repudiated the same and wrote the attorneys telling them that she had not retained nor authorized them to file suit for her, and directed and requested them to immediately dismiss the suit, and pay the cost in the same. This letter which is set out in the answer of the respondent bears date of October 13, 1939.

True, the law abhors multiplicity of actions, and whenever it appears that

the plaintiff has sued out two writs against the same defendants for the same cause of action, the second writ will abate, for "it is the pendency of two suits for the same cause, their existence simul et semel, the law deems vexatious and discountenances." Foster v. Napier, 73 Ala. 595. At the same time, the law will not countenance parties being forced to complain against their will, and to abide by unauthorized litigation.

■ While the elaborate brief of petitioners' counsel is a correct epitome of the law dealing with pleas in abatement, yet it has no application to a case where the action pleaded in abatement has been instituted, as here, without authority. The verdict here amounted to a finding that no action had been commenced by plaintiff, and, as a consequence, that none was pending. It was not plaintiff's action, but one brought in her name, and without her authority, and over which she was not bound to assume control. She had a right to repudiate it by declining to take any part in either its prosecution or its dismissal. She was not bound by the unauthorized commencement of an action in her behalf against the defendants in Chilton County, and, if thereafter bound, it would be because she had adopted the act, and that fact created an estoppel. . Wolf v. Great Northern Ry. Co., 72 Minn. 435, 75 N.W. 702; Helfrich v. Romer, 16 Cal.App. 433, 118 P. 458; Sanford v. Wiley, 166 Ala. 136, 52 So. 339; 1 Corpus Juris page 91; 1 Corpus Juris Secundum, Abatement and Revival, page 106, § 68.

We again stress the fact, heretofore stated, that the attorneys in the Chilton County case were given notice, and duly received the same, as to the hearing of this plea in abatement and its effect upon the suit pending in the Chilton Circuit Court, which notice was by said attorneys duly acknowledged and ignored.

It follows that the respondent was not in error in overruling defendants' plea in abatement, and in sustaining the plaintiff's replication. The petition for writ of mandamus is therefore denied.

Mandamus denied.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.