PER CURIAM.
The petitioner, Vikrum Singh Kandola, filed this petition for a writ of mandamus requesting that we direct Judge Charles Graddick to vacate his order revoking Kandola’s probation, to find that his probation violation was a technical violation for purposes of § 15 — 22—54(d)(1)(f), Ala.Code 1975,[1] and to fix his term of imprisonment at no more than 90 days.
In 2009, Kandola was convicted of distributing a controlled substance and was sentenced to 10 years’ imprisonment. The sentence was split and he was ordered to serve three years on supervised probation followed by three years of incarceration. In March 2011, Kandola’s probation officer filed a delinquency report on Kandola. The report alleged that Kandola had violated the terms of his probation by using the social media Facebook, when he was instructed not to use Facebook, by leaving the county to travel to Mexico without his probation officer’s permission, and by testing positive for marijuana. A revocation hearing was held on April 7, 2011. At the hearing, Kandola admitted that he had violated the terms of his probation. Judge Graddick declined to sentence Kandola as a technical violator to 90 days’ imprisonment, revoked his probation in full, and ordered Kandola to serve his entire sentence. Kandola appealed to this Court.[2] On May 13, 2011, Kandola filed this petition for a writ of mandamus.
*1211 Kandola asserts that we should consider this issue in this mandamus petition even though he has an appeal pending because, he says, the relief that could be granted by an appeal is not adequate. He asserts that pursuant to the newly enacted technical-violator statute his sentence can be for no longer than 90 days and that he will have served past that period if he must await the outcome of his appeal.
Generally, a petition for a writ of mandamus may not be used as a substitute for an appeal. See Ex parte Bentley, 50 So.3d 1063 (Ala.2010); State v. Murphy, 39 So.3d 1045 (Ala.2009); Ex parte King, 23 So.3d 77 (Ala.2009); Ex parte A.M.P., 997 So.2d 1008 (Ala.2008); Ex parte Ward, 957 So.2d 449 (Ala.2006); Ex parte Sawyer, 892 So.2d 898 (Ala.2004); Ex parte Wilson, 854 So.2d 1106 (Ala.2002); Ex parte Ingram, 774 So.2d 563 (Ala.2000); Ex parte Jackson, 614 So.2d 405 (Ala.1993); Ex parte Fowler, 574 So.2d 745 (Ala.1990).
The Alabama Supreme Court has recognized that in certain situations an extraordinary petition may be used when an appeal is not adequate to “prevent undue injury” to the petitioner. See Ex parte Weissinger, 247 Ala. 113, 118-19, 22 So.2d 510, 515 (1945) (“The test, as to whether mandamus will be issued, now seems to depend on whether the remedy by appeal is adequate to prevent undue injury rather than the availability merely of remedy by appeal. Ex parte Watters, 180 Ala. 523, 61 So. 904 [ (1913) ].”).
In Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432 (1955), the Alabama Supreme Court stated:
“It is clearly the general rule in this state that if the matters complained of, including a ruling on a plea in abatement, can ultimately be presented by an appeal, mandamus will not ordinarily be granted. Ex parte Morton, 261 Ala. 581, 75 So.2d 500 [(1954)]; Ex parte Jones, 246 Ala. 433, 20 So.2d 859 [ (1945) ]; Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512 [ (1943) ]; Ex parte Taylor, 236 Ala. 219, 181 So. 760 [ (1938) ]; State ex rel. Walker’s Heirs v. Judge of Orphans’ Court of Macon, 15 Ala. 740 [ (1849) ]. Mandamus will not be granted for the mere purpose of a review. Ex parte Jackson, 212 Ala. 496, 103 So. 558 [ (1925) ], and cases cited therein.
“This court, however, acting within its discretion has made certain exceptions to this general rule. A review by mandamus has been allowed where, because of the particular circumstances involved, appeal from a final judgment would not afford adequate relief — this [is] sometimes referred to as an emergency appeal. Ex parte Merchants National Bank of Mobile, 257 Ala. 663, 60 So.2d 684 [ (1952) ]; Ex parte Tucker, 254 Ala. 222, 48 So.2d 24 [ (1950) ]. It has similarly been held that the writ may be employed to vacate certain interlocutory rulings in divorce cases on the additional theory that a vital public interest is involved in such cases. Ex parte Davis, 249 Ala. 221, 30 So.2d 648 [ (1947) ]; Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510 [ (1945) ]. The writ was also employed to review an interlocutory ruling in Thomas v. State, 241 Ala. 381, 2 So.2d 772 [ (1941) ], a condemnation proceeding involving an automobile allegedly used for the illegal transportation of liquor. As to such use of the writ the opinion in that case cites as authority Ex parte Teague, 241 Ala. 53, 200 So. 892 [ (1940) ], wherein the propriety of the use of mandamus was not expressly considered.
“In the instant ease it does not appear that the matter complained of comes within any of the established exceptions to the previously stated general rule. It *1212 is, therefore, not necessary for our present consideration that we attempt to reconcile seeming inconsistencies arising out of prior exercise of this court’s discretion or that we seek to arrive at a more definitive standard concerning the circumstances under which an exception may be made to the general rule. It is sufficient that we adhere to our prior ruling in the case of Jackson Lumber Co. v. W.T. Smith Lumber Co., 247 Ala. 661, 25 So.2d 853, 854 [ (1946) ]. There the plaintiff brought an action for conversion and in assumpsit against the defendant. Defendant filed pleas of set-off and to these plaintiff pleaded in abatement. From a judgment sustaining a demurrer to the plea in abatement plaintiff appealed and applied for an alternative writ of mandamus. As to the latter this court held:
“ ‘There is also no authority to invoke this court’s discretion to review the order by writ of mandamus.
“ ‘Such a nonappealable interlocutory ruling is not reviewable by mandamus when the matter complained of can be adequately redressed by appeal after final judgment. The general rule is that this court will not grant the writ for the mere purpose of review. Ex parte Jackson, 212 Ala. 496, 103 So. 558 [ (1925) ]; Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512 [(1943)].
“‘The principle was recently adhered to and reaffirmed in the last-cited case, where it was observed: “If the matters complained of can be ultimately presented to the appellate court through the medium of an appeal from the final decree, mandamus will not ordinarily be granted. This for the reason, that appellate courts will not hear causes in piecemeal.” Koonce v. Arnold, supra, 244 Ala. at page 514, 14 So.2d at page 515.
“ ‘The effort of appellant for the present review is plainly contrary to these well-considered authorities and it results that the appeal must be dismissed and the petition for alternative writ denied.’ ”
263 Ala. at 684-85, 83 So.2d at 433-34.
More recently in Ex parte Spears, 621 So.2d 1255 (Ala.1993), the Alabama Supreme Court revisited this issue and declined to expand mandamus relief to include the review of a pretrial ruling denying a motion based on double-jeopardy principles. The Court stated:
“The tendency of this Court in the past has been to enlarge the scope of the extraordinary writ of mandamus by recognizing certain exceptions to the general rule that orders ultimately reviewable on appeal from a final judgment are not subject to mandamus review. However, we should not continue to decide cases in a piecemeal fashion. For this reason, mandamus review will generally be restricted in the future to those cases where one of the recognized exceptions applies, or to those extraordinary cases where the rights of the parties cannot be adequately protected by appellate review of a final judgment.
“If Spears is retried and convicted for the offense stated in the indictment, he can appeal his conviction to the Court of Criminal Appeals and, if he is not satisfied with the judgment of that court, he can petition this Court for certiorari review pursuant to Rule 39, Ala. R.App. P. These remedies are adequate; therefore, a petition for a writ of mandamus is not an appropriate means of reviewing the trial judge’s order in this case.”
621 So.2d at 1258. See also Harris v. Elliott, 277 Ala. 421, 423, 171 So.2d 237, 238 (1965) (“We think it is better to follow [established caselaw] and the authorities *1213 cited therein, rather than add another exception to meet the problem posed by the instant case.”).
This Court has recognized only one situation where an appeal was not adequate to prevent undue injury to the defendant. In Ex parte Wakefield, 447 So.2d 1324 (Ala.Crim.App.1983), we granted a writ of mandamus while an appeal was pending in the same case because the lower court had improperly sentenced Smith to a greater term of imprisonment than the law allowed, thus rendering Smith ineligible for an appeal bond. The Supreme Court in Smith v. State, 447 So.2d 1334 (Ala.1984), affirmed this Court’s issuance of the writ of mandamus.
We question the continued validity of our holding in Wakefield given that the statute relied on for the issuance of the writ of mandamus, § 12-22-170, Ala.Code 1975, has been superseded by the Alabama Supreme Court’s adoption of Rule 7.2(c), Ala. R.Crim. P. See Ex parte Ziglar, 604 So.2d 384 (Ala.1992). Under § 12-22-170, an appellant had an absolute right to an appeal bond if his sentence was 20 years or less. However, according to Rule 7.2, Ala. R.Crim. P., there is no absolute right to any bail pending the outcome of an appeal.
The situation presented in this case — whether Kandola is in fact a technical probation violator who is entitled to take advantage of the newly enacted legislation — does not fit within any of the recognized exceptions to the general rule that precludes this court from considering an issue in a mandamus petition that may ultimately be raised on appeal. An appeal is adequate to protect Kandola’s rights and is the appropriate method for reviewing the circuit court’s ruling in this case. In Ex parte Jones, 61 So.3d 1104 (Ala.Crim.App.2010), we held that the denial of a motion made pursuant to § 15-22-54.1, Ala.Code 1975, to be treated as a technical violator is appealable to this Court; therefore, Jones could not use a petition for a writ of mandamus to obtain review of the circuit court’s ruling.
Moreover, the State asserts in its response to this petition that Kandola failed to satisfy the qualifications necessary to be sentenced as a technical violator:
“Kandola failed to establish that he successfully performed the conditions of his probation for a consecutive six-month period. In fact, according to exhibits Kandola attaches to his petition, the evidence, adduced primarily by the defense, indicates, to the contrary, that barely three months into his probationary period, Kandola had already begun to violate the terms of his probation.”
(State’s response, at p. 6.)
Because a petition for a writ of mandamus is not the appropriate method of reviewing the circuit court’s ruling, this petition is denied. See Ex parte Spears. This Court will consider the validity of Judge Graddick’s ruling in Kandola’s appeal in case no. CR-10-1183.[3]
PETITION DENIED.
WELCH, P.J., and KELLUM, BURKE, and JOINER, JJ., concur; WINDOM, J., concurs in the result.

. Section 15 — 22—54(d)( 1 )(f), Ala.Code 1975, provides, in part:
“If the probation violation is a technical violation, defined as a violation of a condition of probation other than the commission of a new offense, an eligible offender may be required to serve a term of not more than 90 days imprisonment....” Section 15-22-54(d)(2)a., Ala.Code 1975, provides:
"An eligible offender ... is a nonviolent felon serving a probationary sentence who has violated a condition or conditions of probation other than by the commission of a new offense and who has performed the conditions of probation, including remaining current on payment of court ordered money, for a consecutive six-month period.”

. We have docketed that appeal as case no. CR-10-1183.

. Kandola's appeal is currently awaiting the completion of the briefing schedule.