181 So. 760

**Ex parte TAYLOR.**

I Div. 10.

Supreme Court of Alabama.

June 2, 1938.

KNIGHT, Justice.

Petition filed in this Court for writ of mandamus to Judge J. Russell McElroy, sitting as a Judge of the Circuit Court of Mobile County, requiring him, in a certain cause pending in said court, wherein Harry T. Hartwell is contestant and the petitioner is contestee, to enter an order upon the minutes of said court granting two certain motions (Nos. 1 and 2), filed by petitioner on March 19, 1938; and further requiring the said Judge to set aside an order made by him on March 19, 1938, overruling said motions, and also ordering and directing said Judge to strike from the amended statement of contest "certain matters, things and allegations" specified in said motions.

In short the petition seeks mandamus from this Court, requiring the respondent Judge to grant the petitioner's motion to strike certain grounds of contest added by way of amendment to the statement of contest filed by Hartwell against the petitioner. These new or additional grounds of contest

relate to that stage of the election which was held on September 13, 1937, and which we have heretofore held was the first stage of the election to select a commissioner for the City of Mobile. Groom v. Taylor, Ala. Sup., 178 So. 33.[1] The new or additional grounds were filed more than thirty days after the first stage of the election had been held, but within twenty days after the result was declared in the second stage of the said election.

The writ of mandamus is an extraordinary legal remedy which will only be granted when there is a clear specific legal right shown, for the enforcement of which there is no other adequate remedy. Ex parte Smith, 228 Ala. 232, 153 So. 152; Brody v. Armstrong, 205 Ala. 263, 87 So. 798; Poyner v. Whiddon, 234 Ala. 168, 174 So. 507.

The general rule is that mandamus will not lie when there is a remedy by appeal. This rule has prevailed in this state since the decision in the case of State ex rel. Walker's Heirs v. Judge of Orphans' Court, 15 Ala. 740. Of course like other general rules, the rule is not without its exceptions. The present case, however, is not within any of the exceptions.

Mandamus will not be granted for the purpose of reviewing the ruling or order of the court, from which no appeal is allowed, unless the order or ruling be such, if erroneous, that a review on appeal, after final judgment, could not give an adequate remedy. Johnson v. Westinghouse, Church, Kerr & Co., 209 Ala. 672, 96 So. 884.

It was never contemplated that questions arising during the progress of a trial, reviewable on appeal, should be determined in advance of final judgment by an appellate court on mandamus. Particularly is this true where an appeal will furnish adequate remedy.

Before the trial court is our opinion in the case of Groom v. Taylor, supra. While in brief of counsel for petitioner and in brief of the trial Judge, termed "Individual Views of Respondent," it is argued that the decision in this case is unsound, yet we are still of the opinion that Groom v. Taylor, supra, has correctly interpreted the statute in question, and it should be sufficient to guide the trial judge in disposing of the case now before him.

It results that the writ prayed for must be denied. It is so ordered.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

