14 So.2d 512

### KOONCE v. ARNOLD.

### 8 Div. 187.

Supreme Court of Alabama.

April 15, 1943.

Rehearing Denied June 30, 1943.

Horace C. Wilkinson, of Birmingham, for appellant.

Bradshaw & Barnett, of Florence, for appellee.

LIVINGSTON, Justice.

This appeal is from a decree of the Circuit Court of Lauderdale County, in Equity, entered on March 20, 1942, setting aside a

decree pro confesso taken on February 28, 1942.

The cause was submitted here on the merits and motion for writ of mandamus.

Appellant insists that the lower court erroneously set aside the decree pro confesso because appellee's motion to that end did not comply with Equity Rule 34, Code of 1940, Title 7, Appendix, page 1079, in that (1) "no proper showing" was made, and (2) the answer filed in connection with the motion was not "full and sufficient," as provided by the rule.

The decree appealed from is neither a final decree within the purview of section 754, Title 7, Code of 1940, nor is it an interlocutory decree made appealable by the provisions of the Code of 1940. This Court has no jurisdiction of the cause on appeal, and the appeal must be dismissed. Hart v. Greet, 223 Ala. 34, 134 So. 658.

In the case of Brady v. Brady, 144 Ala. 414, 39 So. 237, 239, it was held that a decree, not being such as would support an appeal, mandamus could be awarded by the appellate court to vacate it. Nevertheless, the Court there said, "the authorities seem to hold, however, that; though it be a decree or order from which no appeal can be had, mandamus will not be granted, if the matter complained of can be remedied by a final decree".

And in Ex parte Jackson, 212 Ala. 496, 103 So. 558, 559, it was said: "It has been declared in this jurisdiction that mandamus will not be granted for the mere purpose of a review." See cases cited in Ex parte Jackson, supra.

If the matters complained of can be ultimately presented to the appellate court through the medium of an appeal from the final decree, mandamus will not ordinarily be granted. This for the reason, that appellate courts will not hear causes in piecemeal.

The matters upon which appellant predicates his motion for mandamus, can all be determined on appeal from the final decree.

Moreover, under Chancery Rule 34, the court may, in its sound discretion, set aside a decree pro confesso after the testimony has been published where justice so requires. In any event, the trial court is vested with a sound discretion in setting aside decrees pro confesso, and there was no abuse of that discretion in the instant case.

Writ of mandamus refused, and the appeal dismissed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.