25 So.2d 853

**JACKSON LUMBER CO. v. W. T. SMITH LUMBER CO.**

3 Div. 450.

Supreme Court of Alabama.

April 25, 1946.

Powell & Hamilton, of Greenville, for appellant.

Calvin Poole, of Greenville, for appellee.

SIMPSON, Justice.

This is an appeal, with petition for alternative review by mandamus, from an interlocutory order sustaining demurrer to a plea in abatement.

662

Appellant, Jackson Lumber Company, plaintiff in the circuit court, interposed the plea in abatement to a cross-action filed by the defendant (appellee) by way of set-off against the claim of appellant. It is from the order of the trial court sustaining the demurrer to this plea in abatement that the plaintiff undertakes the stated review.

■ It is quite manifest that there is no provision of law for this premature review of the questioned ruling.

The order is not such as is appealable within the purview of the statute authorizing appeals in civil actions and the appeal does not confer jurisdiction on this court to consider the question. Code 1940, Tit. 7, § 754; Box v. Metropolitan Life Insurance Co., 232 Ala. 1, 168 So. 216; Thorp v. Steadman, 224 Ala. 290, 140 So. 432.

■■ There is also no authority to invoke this court's discretion to review the order by writ of mandamus.

Such a nonappealable interlocutory ruling is not reviewable by mandamus when the matter complained of can be adequately redressed by appeal after final judgment. The general rule is that this court will not grant the writ for the mere purpose of review. Ex parte Jackson, 212 Ala. 496, 103 So. 558; Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512.

■ The principle was recently adhered to and reaffirmed in the last-cited case, where it was observed: "If the matters complained of can be ultimately presented to the appellate court through the medium of an appeal from the final decree, mandamus will not ordinarily be granted. This for the reason, that appellate courts will not hear causes in piecemeal." Koonce v. Arnold, supra, 244 Ala. at page 514, 14 So.2d at page 515.

The effort of appellant for the present review is plainly contrary to these well-considered authorities and it results that the appeal must be dismissed and the petition for alternative writ denied.

Appeal dismissed and writ denied.

All the Justices concur.