48 So.2d 24

**Ex parte TUCKER.**
**7 Div. 36.**

Supreme Court of Alabama.
Oct. 12, 1950.

Knox, Dixon & Wooten, of Talladega, for respondent.

Merrill, Merrill & Vardaman, of Anniston, for petitioner.

**LIVINGSTON, Justice.**

Jessie Tucker filed her bill of complaint in the Circuit Court, in Equity, of Talladega County, Alabama, against Robert Payne Tucker praying for a decree awarding permanent alimony without divorce. Pending a final decree the court, on complainant's motion, ordered a reference to ascertain alimony *pendente lite* and reasonable compensation for complainant's solicitor. The reference was held before Judge W. D. DeBardelaben, and all of the witnesses were examined orally before him, resulting in a decree denying alimony *pendente lite* and solicitor's fee. See, Ex parte Gurganus, 251 Ala. 361, 37 So.2d 591.

Jessie Tucker then filed in this Court an original petition for the writ of mandamus to review the findings of the trial court and exhibited to the petition a copy of the reference proceedings. In response to a rule nisi issued out of this Court Judge DeBardelaben filed an answer. Some amendments and additional pleadings were filed in this Court, but in our opinion they will not require specific treatment.

The principal question is the propriety of the trial court's action in denying Mrs. Tucker alimony *pendente lite* and solicitor's fees The use of the writ sought here as an emergency appeal is not denied and is fully sustained by our decisions. State ex rel. Sellers v. Locke, Judge, 208 Ala. 169, 93 So. 876; Brady v. Brady, 144

224

Ala. 414, 39 So. 237; Ex parte Eubank, 206 Ala. 8, 89 So. 656.

Although complainant in her original bill prays for "permanent alimony for her support and maintenance," it is in essence a suit for separate maintenance. As pointed out in Norrell v. Norrell, 241 Ala. 170, 1 So.2d 654, there is no jurisdiction in the court to grant "permanent alimony" without a divorce. A court of equity has jurisdiction to make an allowance for separate maintenance without a divorce being sought or granted; but permanent alimony is inconsistent with the continued relation of the married status. See, Searcy v. Searcy, 242 Ala. 129, 5 So.2d 97. Apparently, the trial court considered it a bill for separate maintenance, and we will proceed on the same theory.

Regardless of statute or right to divorce, the court may under general equity powers decree separate maintenance upon sufficient allegation and proof, the right to separate maintenance being independent of the existence of some statutory ground for divorce, Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645, and it should be first observed that in separate maintenance actions solicitor's fees are allowable within the discretion of the court as an incident to granting the wife suit money. Ex parte Taylor, 251 Ala. 387, 37 So.2d 656; Penn v. Penn, 246 Ala. 104, 19 So.2d 353; Ex parte Austin, 245 Ala. 22, 15 So.2d 710.

In the instant proceeding we are concerned only with suit money which, as we have shown, includes solicitor's fees pending the hearing of the main case for separate maintenance. In Torme v. Torme, 251 Ala. 521, 523, 38 So.2d 479, 499, it was said:

"As we have observed, the decree of March 14, 1945, making allowance to appellant for her maintenance and that of the children and her solicitor's fee in that case did not grant a divorce from bed and board or legal separation, but only made such allowance. The right to such relief is therefore not controlled by sections 36 and 37, Title 34, Code, or other statute. Ex parte Hale, 246 Ala. 40, 18 So.2d 713. The allowance for a solicitor's fee is but an integral part of the allowance for maintenance. Ex parte Austin, 245 Ala. 22, 15 So.2d 710.

"When not controlled by statute, sections 30, 36 and 37, Title 34, Code, an allowance for expenses of defending or prosecuting the suit exists in all cases in which it was allowed at common law, and as to which the statute is silent. Ex parte Smith, 34 Ala. 455. It was not a matter of absolute right in maintenance suits, even when section 7417, Code of 1923, section 30, Title 34, supra, so required in a divorce case, but rested in the sound discretion of the court, Ex parte Dunlap, 209 Ala. 453, 96 So. 441, as is so now in divorce cases by section 30, Title 34, Code.

"The theory seems to be that maintenance, of which solicitors' fees are a part, can be decreed only while the relation of husband and wife continues. And after a divorce decree, which is not void on collateral attack, the relation is dissolved until that decree is vacated by proper proceeding."

The applicable rule here is, that the allowance of suit money pending a bill for separate maintenance is not a matter of right but rests in the sound discretion of the court. Authorities, supra. And on review, the question is an abuse of discretion.

The evidence in this case, taken orally before the trial judge, has been duly examined and, upon such examination, the court is not clearly satisfied nor satisfied at all, that the trial court has abused his discretion. No public interest requires a discussion of the facts, nor would the parties be benefited thereby. See, Reach v. Reach, 249 Ala. 102, 29 So.2d 676; State ex rel. Sellers v. Locke, Judge, supra. There is ample evidence to justify the rulings of the court; and since we are not willing to say that the learned trial judge has abused his discretion, the decree will not be disturbed.

Petition was also filed here for an allowance to petitioner of solicitor's

fees for prosecuting this maintenance proceeding. However, since the writ of mandamus is denied on the basis that petitioner was not entitled to suit money in the court below, we would appear inconsistent to allow solicitor's fees for the prosecution of the mandamus proceeding here. See, Brindley v. Brindley, 121 Ala. 429, 25 So. 751.

Writ of mandamus denied: Petition for solicitor's fees in this court denied.

BROWN, LAWSON and SIMPSON, JJ., concur.