82 So.2d 190

**Ex parte Lester CARROLL, Jr.**

**I Div. 641.**

Supreme Court of Alabama.

Aug. 18, 1955.

W. Jack Edwards, Mobile, for petitioner.

Curtis L. Moody and John R. Higgins, Jr., Mobile, for respondent.

GOODWYN, Justice.

This is an original petition for writ of mandamus to be directed to Honorable Claude A. Grayson, as Judge of the Circuit Court of Mobile County. In substance, the case made by the petition is as follows:

Philip Amigone, individually and doing business as Chez Ami, on February 18, 1955, filed suit in the Circuit Court of Mobile County against "Lester Carroll" on an account stated. On March 1, 1955, the complaint was amended as follows: "By amending the name of the defendant herein to read Lester Carroll, Jr.". It does not appear that service of the complaint was had on anyone prior to the amendment. On March 15, 1955, the complaint was served on petitioner, Lester Carroll, Jr. On March 23, 1955, petitioner moved to quash the service on him on the ground that the amendment "worked a complete change of parties defendant, operating as a discontinuance of such suit as to the original defendant and that this defendant ought not to be required to demur, answer or plead to the complaint". The motion to quash, which is not sworn to, alleges that "this suit was commenced by the plaintiff against Lester Carroll" and that "the said Lester Carroll is the father of Lester Carroll, Jr., the movant here." The Honorable Claude A. Grayson, as Judge of the Circuit Court of Mobile County, who is the respondent herein, denied the motion.

On May 12, 1955, Lester Carroll, Jr., filed his petition here for a writ of mandamus to be directed to the respondent, Judge Grayson, "ordering and commanding him to forthwith grant said motion to quash service of summons and complaint on your petitioner in said cause". It is stated in the petition that the motion was argued by counsel but that "no evidence was offered controverting it"; that the Judge "denied petitioner's said motion without hearing evidence", and that denial of the motion "constituted an arbitrary disregard for the law and allowed a complete change of parties defendant contrary to law."

The respondent waived issuance of the alternative writ and demurred to the petition. Among the assigned grounds of demurrer is that petitioner has a full and adequate remedy by appeal.

The propriety of taking a submission of the cause in this state of the pleadings is not questioned in this proceeding. It seems to be established that "the sufficiency of a petition for writ of mandamus may be tested by appropriate demurrer." Ex parte Alphonse, 261 Ala. 177, 179, 73 So.2d 727, 728; Lewis v. Jenkins, 215 Ala. 680, 681, 112 So. 205.

What was said in Ex parte Fahey, 332 U.S. 258, 259–260, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041, seems particularly appropriate here, viz.:

"Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies. We do not doubt power in a proper case to issue such writs. But they have the unfortunate consequence of making the judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants before him. These remedies should be resorted to only where appeal is a clearly inadequate remedy. * * * As extraordinary remedies, they are reserved for really extraordinary causes."

We have held that a "nonappealable interlocutory ruling is not reviewable by mandamus when the matter complained of can be adequately redressed by appeal after final judgment. The general rule is that this court will not grant the writ for the mere purpose of review". Jackson Lumber Co. v. W. T. Smith Lumber Co., 247 Ala. 661, 662, 25 So.2d 853, 854; Koonce v. Arnold, 244 Ala. 513, 514, 14 So.2d 512; Ex parte Jackson, 212 Ala. 496, 497, 103 So. 558. The principle is thus stated in Koonce v. Arnold, supra:

"If the matters complained of can be ultimately presented to the appellate court through the medium of an appeal from the final decree, mandamus will not ordinarily be granted. This for the reason, that appellate courts will not hear causes in piecemeal."

If there is any merit to petitioner's insistence that the amendment worked a complete change in the party defendant, that matter can be presented for determination and "adequately redressed" on appeal after final judgment. Accordingly, the demurrer to the petition is due to be sustained and the writ denied. It is so ordered.

Demurrer to petition sustained.

Writ denied.

LAWSON, SIMPSON, STAKELY and MERRILL, JJ., concur.