83 So.2d 432

**Ed BRITTAIN**

v.

**W. A. JENKINS, Jr., Judge.**

**6 Div. 906.**

Supreme Court of Alabama.

Nov. 3, 1955.

Rehearing Denied Nov. 28, 1955.

Morel Montgomery, Birmingham, for appellant.

Davies & Williams, Birmingham, for appellee.

MAYFIELD, Justice.

This is an appeal from a final judgment of the Circuit Court of Jefferson County, denying the writ and dismissing the petition for mandamus brought against the Honorable W. A. Jenkins, as Judge of the Intermediate Civil Court of Birmingham, Alabama.

On 4 February 1955 one Jesse Lee Booker filed a complaint against Ed Brittain, the appellant here, in the Intermediate Civil Court of Birmingham, Alabama, for damages resulting from a collision of the automobiles of the plaintiff and defendant.

The appellant, Brittain, filed a plea in abatement in the Intermediate Civil Court, setting up the pendency in the Circuit Court of Jefferson County of a prior action brought by him against Booker for damages arising out of the same collision. As to this plea, the respondent Honorable W. A. Jenkins, Jr., entered the following order:

"Defendant's plea is hereby dismissed and cause continued to 4/5/55 for hearing on the merits of the case."

The appellant, Brittain, then filed his petition for writ of mandamus in the Circuit Court of Jefferson County praying that appellee, Judge Jenkins, be required to sustain appellant's plea in abatement. The respondent's demurrer to this petition was sustained on 6 May 1955. The petitioner, Brittain, refused to plead further, whereupon the petition was dismissed and the costs taxed against the petitioner. From this judgment the instant appeal was perfected.

█ It is clearly the general rule in this state that if the matters complained of, including a ruling on a plea in abatement, can ultimately be presented by an appeal, mandamus will not ordinarily be granted. Ex parte Morton, 261 Ala. 581, 75 So.2d 500; Ex parte Jones, 246 Ala. 433, 20 So. 2d 859; Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512; Ex parte Taylor, 236 Ala. 219, 181 So. 760; State ex rel. Walker's Heirs v. Judge of Orphans' Court of Macon, 15 Ala. 740. Mandamus will not be granted for the mere purpose of a review. Ex parte Jackson, 212 Ala. 496, 103 So. 558, and cases cited therein.

This court, however, acting within its discretion has made certain exceptions to this general rule. A review by mandamus has been allowed where, because of the particular circumstances involved, appeal from a final judgment would not afford adequate relief—this sometimes referred to

as an emergency appeal. Ex parte Merchants National Bank of Mobile, 257 Ala. 663, 60 So.2d 684; Ex parte Tucker, 254 Ala. 222, 48 So.2d 24. It has similarly been held that the writ may be employed to vacate certain interlocutory rulings in divorce cases on the additional theory that a vital public interest is involved in such cases. Ex parte Davis, 249 Ala. 221, 30 So.2d 648; Ex parte Weissinger, 247 Ala. 113, 22 So. 2d 510. The writ was also employed to review an interlocutory ruling in Thomas v. State, 241 Ala. 381, 2 So.2d 772, a condemnation proceeding involving an automobile allegedly used for the illegal transportation of liquor. As to such use of the writ the opinion in that case cites as authority Ex parte Teague, 241 Ala. 53, 200 So. 892, wherein the propriety of the use of mandamus was not expressly considered.

█ In the instant case it does not appear that the matter complained of comes within any of the established exceptions to the previously stated general rule. It is, therefore, not necessary for our present consideration that we attempt to reconcile seeming inconsistencies arising out of prior exercise of this court's discretion or that we seek to arrive at a more definitive standard concerning the circumstances under which an exception may be made to the general rule. It is sufficient that we adhere to our prior ruling in the case of Jackson Lumber Co. v. W. T. Smith Lumber Co., 247 Ala. 661, 25 So.2d 853, 854. There the plaintiff brought an action for conversion and in assumpsit against the defendant. Defendant filed pleas of set-off and to these plaintiff pleaded in abatement. From a judgment sustaining a demurrer to the plea in abatement plaintiff appealed and applied for an alternative writ of mandamus. As to the latter this court held:

"There is also no authority to invoke this court's discretion to review the order by writ of mandamus.

"Such a nonappealable interlocutory ruling is not reviewable by mandamus when the matter complained of can be adequately redressed by appeal after final judgment. The general rule is

that this court will not grant the writ for the mere purpose of review. Ex parte Jackson, 212 Ala. 496, 103 So. 558; Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512.

"The principle was recently adhered to and reaffirmed in the last-cited case, where it was observed: 'If the matters complained of can be ultimately presented to the appellate court through the medium of an appeal from the final decree, mandamus will not ordinarily be granted. This for the reason, that appellate courts will not hear causes in piecemeal.' Koonce v. Arnold, supra, 244 Ala. at page 514, 14 So.2d at page 515.

"The effort of appellant for the present review is plainly contrary to these well-considered authorities and it results that the appeal must be dismissed and the petition for alternative writ denied."

It follows that the petition of the appellant was without merit and the judgment of the Circuit Court dismissing that petition is due to be, and is hereby, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.