83 So.2d 429

**Ex parte C. R. SMALL.**

**7 Div. 212.**

Supreme Court of Alabama.

Nov. 3, 1955.

Rehearing Denied Nov. 28, 1955.

J. L. Drennen, Birmingham, for petitioner.

Smyer, Smyer, White & Reid, Birmingham, for respondent.

MAYFIELD, Justice.

This is a petition of C. R. Small for a writ of mandamus to require A. L. Hardegree, as Judge of the Circuit Court of Shelby County, Alabama, in Equity, to set aside a decree of that court rendered on 6 April 1953. The decree here under attack denied a motion of the petitioner, Small, to *dismiss* the petition of John M. Bayliss, et al., for an injunction against C. R. Small, enjoining him from further prosecution of a certain action at law then pending in the Circuit Court of Jefferson County, Alabama.

A detailed account of the adroit legal fencing in which counsel have heretofore indulged is not necessary to this opinion. Suffice it to say that there is presently disagreement both as to the proper dueling grounds and the choice of weapons. We will only concern ourselves with the last thrust and parry of the opponents—the petition for mandamus and the demurrer interposed thereto.

The following abbreviated summary of the complicated facts and pleading is set out only as an aid to understanding the determinative question which would be here decided. On 15 October 1952 Ruby Small, the wife of the present petitioner for mandamus, filed a complaint against one T. E. McCulley (who had purchased complainant's home at a foreclosure sale), in the Circuit Court of Shelby County, seeking to quiet title to the property occupied by Ruby Small as her home in that County. By amendment to the bill of complaint, she sought to set aside the foreclosure sale. By a second amendment, she alternatively sought redemption of this property.

Subsequent to the filing of the bill of complaint by Ruby Small, her husband, the present petitioner, instituted an action at law in the Circuit Court of Jefferson County against John M. Bayliss, Sr., John M. Bayliss, Jr., and Charles M. Bayliss, partners doing business as Bayliss Machine and Welding Company, and R. L. Roberts in which he claimed damages for the wrongful foreclosure of certain other property in Shelby County used as an ice plant. The Baylisses had been the holders of this foreclosed mortgage and Roberts was the purchaser at the foreclosure sale.

Prior to the foreclosure sale which gave rise to this Jefferson County litigation, the mortgages on both the home and the ice plant were held by the Bayliss partners. Although they were separate mortgages both mortgages were extended by a single agreement dated 2 March 1950 between C. R. Small, Ruby Small, and the Baylisses.

After C. R. Small filed his action for damages in the Circuit Court of Jefferson County, T. E. McCulley filed his demurrer, answer and cross-bill in the equity suit pending in Shelby County. In his cross-bill, McCulley joined as cross-respondents Ruby Small, C. R. Small, and R. L. Roberts (the purchaser of the ice plant at the foreclosure sale), together with the three Baylisses.

On 15 January 1953, the three Baylisses appeared in the Shelby County equity case and applied for a temporary and permanent injunction restraining C. R. Small from prosecuting his separate action in the Circuit Court of Jefferson County on the grounds that it involved a determination of the same facts then at issue between the parties in Shelby County. The temporary injunction was issued restraining Small from further prosecuting his action in Jefferson County.

C. R. Small appeared specially in the Circuit Court of Shelby County and filed a *motion to dismiss* the petition for injunction. He assigned as grounds in support of his motion to dismiss the following:

1. That it affirmatively appears that the Circuit Court of Shelby County is without jurisdiction to grant the injunction.

2. That such court has no jurisdiction over C. R. Small a resident of Jefferson County.

3. That such court has no jurisdiction over the action pending in Jefferson County.

4. That the Circuit Court of Jefferson County has jurisdiction over the action and jurisdiction in equity to pass on any application for injunction to restrain the action.

5. And that the Circuit Court of Shelby County is without jurisdiction to remove the jurisdiction of the Circuit Court of Jefferson County.

6. That no court in Alabama has the power to try in equity the action then pending at law.

7. That the petition is not addressed to any court.

8. That the Circuit Court of Shelby County has no power to deprive C. R. Small of a trial by jury in the pending action.

9. That a court of equity has no jurisdiction to try or abate pending action at law for the reason that an adequate remedy at law exists.

10. That the abatement of the pending action at law may be availed of by plea and if petitioners have an equitable defense a motion to transfer the cause to the equity side of the Circuit Court of Jefferson County is available to them.

On 6 April 1953 the motion to dismiss was denied by A. L. Hardegree, the Judge of the Circuit Court of Shelby County. Small, the present petitioner before this court, now seeks a writ of mandamus ordering the respondent Judge to set aside his prior decree overruling the motion to dismiss and requiring him to grant said motion.

The rule nisi was waived by the respondent Judge and his demurrer and answer to the petition were filed in this court. The threshhold question with which we must here deal is the propriety of the remedy of mandamus as the facts are revealed by the record. In the recent case of Ex parte Carroll, ante, p. 212, 82 So.2d 190, 192, we quoted with approval, the following statement from Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041, relative to extraordinary writs:

" 'Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies. We do not doubt power in a proper case to issue such writs. But they have the unfortunate consequence of making the judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants before him. These remedies should be resorted to only where appeal is a clearly inadequate remedy. * * * As extraordinary remedies, they are reserved for really extraordinary causes.' "

The often quoted portion of this court's opinion in Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512, clearly states the correct rule in Alabama:

"If the matters complained of can be ultimately presented to the appellate court through the medium of an appeal from the final decree, mandamus will not ordinarily be granted. This for the reason, that appellate courts will not hear causes in piecemeal."

This case while of the utmost importance to the litigants before the bar, is not a cause imbued with general public interest so as to bring it within one of the stated exceptions outlined in Brittain v. Jenkins, ante, p. 683, 83 So.2d 432.

While it is true that the decree denying the *motion to dismiss* the temporary injunction granted by the Circuit Court of Shelby County is not appealable, the correctness of this ruling could have been presented on appeal from the final decree in the cause.

Further, it appears that the matter contained in the motion to dismiss raising the jurisdictional question and other irregularities of the petition could have been presented to the trial court by *motion to discharge* the temporary injunction. Also infirmities which appear on the face of the petition for injunction could have been subjected to demurrer. A decree either

672

on demurrer or motion to discharge, is, under our practice, directly appealable to this court. East & West Railroad Co. v. East Tennessee, Virginia & Georgia R. Co., 75 Ala. 275; Ex parte Sayre, 95 Ala. 288, 11 So. 378. In addition, the asserted want of equity in the petition for injunction could have been challenged by a motion to dissolve the injunction, and thereby predicate a direct appeal to this court. Woodward v. State, 173 Ala. 7, 55 So. 506. See Code of 1940, Tit. 7, § 757.

It is our opinion that the remedies available to the petitioner by direct appeal from the final decree, or by interlocutory appeal from the motions to discharge or dissolve on demurrer were adequate. It follows that the petitioner is not entitled to the extraordinary relief of mandamus which he seeks here. The demurrer to his petition for mandamus is due to be sustained and the writ denied. It is so ordered.

Writ denied.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.