89 So.2d 100

**Ex parte Mazie C. BROOKS.**

5 Div. 634.

Supreme Court of Alabama.

Aug. 2, 1956.

Denson & Denson and Yetta G. Samford, Jr., Opelika, and Young & Hollis, Columbus, Ga., for petitioner.

L. J. Tyner, Opelika, for respondent.

STAKELY, Justice.

In this case Carrie Morgan brought her suit against Mrs. Mazie C. Brooks (petitioner here) for damages claimed as a result of an automobile accident, wherein plaintiff alleges that she was riding as a passenger in an automobile on a public highway in Chambers County, Alabama, on towit, June 13, 1952, and that defendant negligently operated an automobile at that time and place and collided with the car in which the plaintiff was riding and as a proximate result thereof, plaintiff suffered personal injuries and damages. The complaint consists of three counts, the first two counts charging simple negligence and the last count charging wanton misconduct. The suit was filed in the Circuit Court of Chambers County on June 9, 1953.

The plaintiff then sought to get service on the defendant, a nonresident under the provisions of § 199, Title 7, Code of 1940. Copies of the complaint were sent to the Sheriff of Montgomery County, who made service thereof on the Secretary of State

of Alabama on towit June 10, 1953, but no notice of such service and a copy of the summons and complaint were sent by the Secretary of State to the defendant at that time either by registered mail or in any other manner. Later on service was sought to be had by notice to the defendant by the Secretary of State on towit May 24, 1955. For reasons which will become apparent we see no reason at this time to state in any further detail the facts relating to the effort to give notice by the Secretary of State to the defendant.

The defendant, Mrs. Mazie C. Brooks, entered a special appearance in the cause and filed a plea in abatement attacking the service claimed to have been had on her through the Secretary of State of Alabama. To this plea Carrie Morgan demurred. The court sustained the demurrer and this petition for mandamus is filed here to require the lower court to vacate its order sustaining the demurrer to the plea in abatement. The case is submitted here on the petition for mandamus and the demurrer and answer of Judge Will O. Walton.

█ In the recent case of Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432, this court held in effect that if the matter complained of, including a ruling on a plea in abatement, can be ultimately presented to the appellate court through the medium of an appeal from final decree, mandamus will not ordinarily be granted for reasons set forth in the opinion, including the proposition that appellate courts will not hear causes in piece-meal. It is also pointed out that under our cases, mandamus will not be granted for the mere purpose of review. Accordingly, the writ in Brittain v. Jenkins, supra, was denied. See Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512; Ex parte Small, 263 Ala. 669, 83 So.2d 429; Ex parte South & North A. Railroad Co., 65 Ala. 599. In Brittain v. Jenkins, supra, exceptions to the general rule which we have stated were referred to. To these exceptions we add the exception mentioned in Ex parte Morton, 261 Ala. 581, 75 So.2d 500. In the case here referred to the case

was properly before this Court on an appeal from a decree overruling the demurrer to a bill in equity. Since the case was properly before this Court, this Court thought that it would promote justice and expedite the cause by expressing the views of the Court on the sufficiency of the plea in abatement.

██ Under our cases we see no basis for granting mandamus. Our examination of the authorities shows that expense and inconvenience is not controlling in a matter of this kind. Whitehouse v. Illinois Central R. Co., 349 U.S. 366, 75 S.Ct. 845, 99 L.Ed. 1155; Gulf Research & Development Co. v. Leahy, 3 Cir., 193 F.2d 302, 304; Southwestern Natural Gas Co. v. Vernor, 178 Okl. 344, 62 P.2d 1262; Kay Ferer, Inc., v. Hulen, 8 Cir., 160 F.2d 146; 55 C.J.S., Mandamus, § 22, p. 54.

It results from what has been said that the writ of mandamus is due to be denied.

Writ denied.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.