221 So.2d 395

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**In re STACY–WILLIAMS COMPANY, Inc.**

**v.**

**STATE COMMISSIONER OF REVENUE et al.**

6 Div. 330.

Supreme Court of Alabama.

April 3, 1969.

MacDonald Gallion, Atty. Gen., Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., and White E. Gibson, Jr., Birmingham, for petitioner-relator.

Sirote, Permutt, Friend & Friedman, Birmingham, for respondent.

COLEMAN, Justice.

The Commissioner of the Department of Revenue made an order revoking wholesale tobacco dealer's license which had been issued to Stacy-Williams Company, Inc., a corporation, herein sometimes referred to as Stacy-Williams.

Stacy-Williams filed in the Circuit Court of Jefferson County, in Equity, its bill of complaint naming as respondents the Commissioner of the Department of Revenue, the District Supervisor of Jefferson County for the State Department of Revenue, and the Examiner for Jefferson County for the State Department of Revenue.

The respondents filed pleas in abatement whereby they assert that the proper venue for the suit lies not in Jefferson County but in Montgomery County. The trial court held the pleas insufficient to abate the suit. The state ex rel. attorney general now seeks mandamus to require the circuit judge to hold the pleas sufficient.

Stacy-Williams raises the point that " ' . . . . . "normally mandamus is not regarded as an appropriate remedy to review a ruling of the trial court on a plea in abatement, appeal being regarded as being sufficient to afford relief." . . . .' " Harris v. Elliott, 277 Ala. 421, 422, 171 So.2d 237, 238; State ex rel. Powell v. General Acceptance Corp., 269 Ala. 627, 114 So.2d 920; Ex parte Little, 266 Ala. 161, 95 So.2d 269.

We do not understand petitioner to controvert the foregoing rule. To justify its position, however, petitioner must insist that this case is an exception to the general rule.

In Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432, in holding that mandamus did not lie to review a ruling which overruled a plea in abatement, this court said:

"It is clearly the general rule in this state that if the matters complained of, including a ruling on a plea in abatement, can ultimately be presented by an appeal, mandamus will not ordinarily be granted. Ex parte Morton, 261 Ala. 581, 75 So.2d 500; Ex parte Jones, 246 Ala. 433, 20 So.2d 859; Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512; Ex parte Taylor, 236 Ala. 219, 181 So. 760; State ex rel. Walker's Heirs v. Judge of Orphans' Court of Macon, 15 Ala. 740. Mandamus will not be granted for the mere purpose of a review. Ex parte Jackson, 212 Ala. 496, 103 So. 558, and cases cited therein.

"This court, however, acting within its discretion has made certain exceptions to

this general rule. A review by mandamus has been allowed where, because of the particular circumstances involved, appeal from a final judgment would not afford adequate relief—this sometimes referred to as an emergency appeal. Ex parte Merchants National Bank of Mobile, 257 Ala. 663, 60 So.2d 684; Ex parte Tucker, 254 Ala. 222, 48 So.2d 24. It has similarly been held that the writ may be employed to vacate certain interlocutory rulings in divorce cases on the additional theory that a vital public interest is involved in such cases. Ex parte Davis, 249 Ala. 221, 30 So.2d 648; Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510. The writ was also employed to review an interlocutory ruling in Thomas v. State, 241 Ala. 381, 2 So.2d 772, a condemnation proceeding involving an automobile allegedly used for the illegal transportation of liquor. As to such use of the writ the opinion in that case cites as authority Ex parte Teague, 241 Ala. 53, 200 So. 892, wherein the propriety of the use of mandamus was not expressly considered.

"In the instant case it does not appear that the matter complained of comes within any of the established exceptions to the previously stated general rule. It is, therefore, not necessary for our present consideration that we attempt to reconcile seeming inconsistencies arising out of prior exercise of this court's discretion or that we seek to arrive at a more definitive standard concerning the circumstances under which an exception may be made to the general rule. It is sufficient that we adhere to our prior ruling in the case of Jackson Lumber Co. v. W. T. Smith Lumber Co., 247 Ala. 661, 25 So.2d 853, 854. There the plaintiff brought an action for conversion and in assumpsit against the defendant. Defendant filed pleas of set-off and to these plaintiff pleaded in abatement. From a judgment sustaining a demurrer to the plea in abatement plaintiff appealed; and applied for an alternative writ of mandamus. As to the latter this court held:

"'There is also no authority to invoke this court's discretion to review the order by writ of mandamus.

"'Such a nonappealable interlocutory ruling is not reviewable by mandamus when the matter complained of can be adequately redressed by appeal after final judgment. The general rule is that this court will not grant the writ for the mere purpose of review. Ex parte Jackson, 212 Ala. 496, 103 So. 558; Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512.

"'The principle was recently adhered to and reaffirmed in the last-cited case, where it was observed: "If the matters complained of can be ultimately presented to the appellate court through the medium of an appeal from the final decree, mandamus will not ordinarily be granted. This for the reason, that appellate courts will not hear causes in piecemeal." Koonce v. Arnold, supra, 244 Ala. at page 514, 14 So.2d at page 515.

"'. . . . . . . . .'" (263 Ala. at 684, 685, 83 So.2d at 433)

What we said in Harris v. Elliott, supra, seems appropriate here, to wit:

"Petitioner concedes in brief 'that normally mandamus is not regarded as an appropriate remedy to review a ruling of the trial court on a plea in abatement, appeal being regarded as being sufficient to afford relief.' But petitioner urges that this case is an exception to the general rule. The exceptions are listed in Brittain v. Jenkins, 263 Ala. 683, 83 So. 2d 432, where we held that a review by mandamus of the trial court's ruling on a plea in abatement was not within the exceptions to the general rule. We think it better to follow the Brittain case and the authorities cited therein, rather than add another exception to meet the problem posed by the instant case." (277 Ala. at 422, 423, 171 So.2d at 238)

Accordingly, the writ is denied and the rule discharged.

Writ denied.

Rule discharged.

SIMPSON, MERRILL, and BLOODWORTH, JJ., concur.