264 So.2d 187

**Ex parte Henry I. BARCLAY, Jr., et al.**

**6 Div. 152.**

Court of Civil Appeals of Alabama.

June 14, 1972.

**264**

Markstein & Morris, Birmingham, for petitioners.

Beck & Beck, Fort Payne, for respondent.

WRIGHT, Presiding Judge.

Suit was filed in the Circuit Court of Jefferson County, Alabama, by petitioners against W. B. Davis Hosiery Mill, Inc., an Alabama corporation. Suit was for work and labor done. Defendant appeared specially by filing a plea in abatement to the venue of the Jefferson County Circuit Court, averring therein that it was a domestic corporation with its place of business in DeKalb County and not doing business in Jefferson County by agent. It further averred that the work and labor sued for was performed in DeKalb County.

The Honorable Whit Windham, Circuit Judge of Jefferson County, set the plea in abatement for oral hearing. After hearing the evidence by the parties as to the issues presented by the plea, Judge Windham sustained the plea and directed the transfer of the case to the Circuit Court of DeKalb County in accordance with Title 7, Section 64(1), Code of Alabama 1940, as amended.

The facts presented at the hearing on the plea in abatement presented a novel proposition for the judge to decide. We have been unable to find a precedent in this state. Judge Windham was apparently not cited to one.

The question presented was as to proper venue in a suit for work and labor where portions of the work and labor were performed in different counties. The tendency of the evidence presented on hearing of the plea in abatement was that defendant had retained the services of plaintiff, an accounting firm, to audit its books and prepare a report of such audit. Defendant operated in DeKalb County and plaintiff's office was in Jefferson County. The majority of the work performed by plaintiff was in DeKalb County, but some of the work was performed at the office of plaintiff in Jefferson County.

Title 7, Section 55 of the Code provides that actions for work and labor may be brought in the county or precinct where the work was performed. Judge Windham determined that DeKalb County was the proper forum for the suit and transferred the case there.

The matter comes here on a petition for writ of mandamus directing Judge Windham to set aside and vacate his order transferring the case to DeKalb County. Judge Windham by counsel filed demurrer

to the petition challenging petitioners' right to such writ on the ground that there is a remedy by appeal upon final determination of the case.

We have heard oral arguments and considered written briefs on the question of the propriety of a writ of mandamus in such case.

It is the general rule in this state that mandamus will not lie to review an interlocutory ruling if the matter complained o˙ can be ultimately presented through appeal from the final judgment. Jackson Lumber Co. v. W. T. Smith Lumber Co., 247 Ala. 661, 25 So.2d 853; Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512; Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432. There have been specific exceptions to this rule based upon the premise that because of specific circumstances involved, appeal from a final judgment would not provide adequate relief. Ex parte Merchants National Bank of Mobile, 257 Ala. 663, 60 So.2d 684; Ex parte Davis, 249 Ala. 221, 30 So.2d 648. These exceptions were pointed out in Brittain v. Jenkins, supra.

Because of the statutory requirement that this court follow the precedents of the holdings of the Supreme Court of Alabama, we are constrained in this case to follow the decision of that court in the case of Harris v. Elliott, 277 Ala. 421, 171 So.2d 237.

The exact question now before us was presented to the Supreme Court in Harris v. Elliott, supra. It was contended there, as here, that there should be another exception made to the general rule and mandamus granted. The Court stated therein as follows:

"The exceptions are listed in Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432, where we held that a review by mandamus of the trial court's ruling on a plea in abatement was not within the exceptions to the general rule. We think it better to follow the Brittain case and the authorities cited therein, rather than add another exception to meet the problem posed by the instant case.

"We, therefore, hold that mandamus is not the proper remedy because the ruling on the plea in abatement can ultimately be presented on appeal, and the petition is denied."

We follow the ruling of Harris v. Elliott, recognizing fully that after trial of this cause to final judgment in DeKalb County appeal may follow. However, we consider our course to be set. Therefore, we hold the demurrer to the petition for the writ of mandamus to be well taken and the petition for writ of mandamus is denied.

Writ denied.

BRADLEY and HOLMES, JJ., concur.