621 So.2d 1255 (1993)
Ex parte Thomas Wayne SPEARS.
(In re State of Alabama v. Thomas Wayne Spears).
1920129.
Supreme Court of Alabama.
April 30, 1993.
Rehearing Denied June 4, 1993.
James E. Kimbrough, Jr., Mobile, and Stuart C. DuBose, Jackson, for petitioner.
James H. Evans, Atty. Gen., and Robert C. Ward, Jr., Asst. Atty. Gen., for respondent.
HOUSTON, Justice.
Thomas Wayne Spears petitions for a writ of mandamus directing District Judge D.P. Scurlock III, sitting by designation as a circuit judge in the First Judicial Circuit, to grant Spears's motion for a new trial, under Rule 15.4, Ala.R.Crim.P., on his plea of double jeopardy. The writ is denied.
*1256 Spears was indicted for murder. Shortly after his trial began, one of the prosecuting attorneys made a comment to a reporter, in violation of a "gag order" restricting public comment concerning the case. That order had been imposed on the attorneys by presiding Circuit Judge Hardie Kimbrough. The violation of this order prompted Judge Kimbrough to grant Spears's motion for a mistrial and to recuse himself from further proceedings connected with the case.[1] The case was subsequently assigned to Judge Scurlock. Spears thereafter moved to dismiss the indictment on the ground that a retrial would violate his constitutional right not to be placed in jeopardy twice for the same offense. Relying on Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), Spears alleged that the prosecutor had intended to provoke a mistrial when he violated Judge Kimbrough's "gag order," and he requested a jury trial on the question of the prosecutor's intent. The court empaneled a jury to consider that question, pursuant to Rule 15.4; however, Judge Scurlock directed a verdict for the state at the close of Spears's case, holding that there was insufficient evidence to submit the question of the prosecutor's intent to the jury.
The court denied Spears's motion for a new trial. Spears petitioned the Court of Criminal Appeals for a writ of mandamus directing Judge Scurlock to grant his motion; that court on October 16, 1992, denied the petition without opinion. 614 So.2d 1069. He then sought mandamus review in this Court. See Rule 21, A.R.App.P.
"Originally, the function of the writ [of mandamus] was to compel judicial action but not to correct errors or direct what particular judgment or decree should be rendered." Ex parte Weissinger, 247 Ala. 113, 118, 22 So.2d 510, 515 (1945). However, as Justice Simpson noted in Ex parte Weissinger:
"[T]his court has permitted a liberal enlargement of the use of the writ so that, `if an order, or judgment, or decree, is made or rendered, which is not the subject of revision by appeal, or other revisory remedy and yet is erroneous, working injury to the party complaining, and there be no other legal remedy, adequate to the correction of the error and the prevention of the injury, mandamus will be awarded.' Ex parte Woodruff, 123 Ala. 99, 100, 26 So. 509 [(1898)]; Ex parte Tower Mfg. Co., 103 Ala. 415, 418, 15 So. 836 [(1893)].
"The test, as to whether mandamus will be issued, now seems to depend on whether the remedy by appeal is adequate to prevent undue injury rather than the availability merely of [a] remedy by appeal. Ex parte Watters, 180 Ala. 523, 61 So. 904 [(1913)]."
247 Ala. at 118-19; 22 So.2d at 515.
It is now a well-established general rule in this state that if the matters complained of can ultimately be presented by an appeal, a writ of mandamus will not be issued. Ex parte Fowler, 574 So.2d 745 (Ala.1990). However, this Court, exercising its discretion, has recognized certain exceptions to this general rule in specific cases where appeals are not considered to be adequate to prevent "undue injury." See, e.g., Ex parte Nissei Sangyo America, Ltd., 577 So.2d 912 (Ala.1991) (mandamus proper to review discovery rulings); Ex parte Insurance Co. of North America, 523 So.2d 1064 (Ala.1988) (mandamus proper to enforce a trial court's compliance with this Court's mandate); Ex parte Rush, 419 So.2d 1388 (Ala.1982) (mandamus proper to enforce a statutory or constitutional right to a jury trial); Ex parte Weissinger, supra (mandamus proper to vacate certain interlocutory rulings in divorce cases); see, also, Ex parte Brooks, 264 Ala. 674, 89 So.2d 100 (1956); and Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432 (1955), and the cases cited therein. The rationale underlying the recognition of these exceptions has not always been crystal clear. For example, the remedy by appeal that will make mandamus review unavailable was described by this Court in one case as "one competent to afford relief *1257 on the very subject matter in question, and which is equally convenient, beneficial, and effectual." See East v. Todd, 284 Ala. 495, 499, 226 So.2d 153, 156 (1969). Matters of expense and public interest have also been considered important factors in some cases. See, e.g., Ex parte Weissinger, supra. On the other hand, in Ex parte Moss, 278 Ala. 628, 179 So.2d 753 (1965); and Ex parte Brooks, supra, this Court stated that expense and inconvenience were not controlling in determining whether a party had an adequate remedy by appeal.
In this case we need not survey the law of mandamus so as to search out and reconcile inconsistencies that may exist. Suffice it to say that it was never generally contemplated that questions arising during the progress of a trial, ultimately reviewable on appeal, should be determined by an appellate court on petition for a writ of mandamus, in advance of a final judgment. Ex parte Taylor, 236 Ala. 219, 181 So. 760 (1938). In Ex parte Nice, 407 So.2d 874 (Ala.1981), this Court indicated that only the rarest of circumstances merits an intervention in a criminal case by mandamus. However, because this court has "permitted a liberal enlargement of the use of the writ" by recognizing, on occasion, certain exceptions to the general rule, we have examined the present case to see if it fits within any of those exceptions. We conclude that it does not.[2]
Spears is attempting by his petition to obtain appellate review of an interlocutory order rejecting his plea of double jeopardy. He is not seeking an order directing the trial judge to recognize a statutory or constitutional right to a trial by jury, so as to bring this case within the exception recognized in Ex parte Rush, supra. The record does not indicate that Spears is incarcerated; thus, he does not invoke the exception recognized in Smith v. State, 447 So.2d 1334 (Ala.1984). In Smith, this Court held that the Court of Criminal Appeals had properly issued a writ of mandamus directing the trial judge to correct an erroneous sentence even though the defendant had appealed his case, where the defendant had been improperly sentenced to 45 years of imprisonment and, because of the length of his sentence, was not entitled to apply for bail pending his appeal. But see Ex parte Busby, 276 Ala. 680, 166 So.2d 408 (1964), where the petitioner, an inmate, was denied mandamus review on the ground that he could have appealed the trial court's denial, without a hearing, of his petition for a writ of error coram nobis. Neither does this case involve a judicial usurpation of power or a gross disruption in the administration of criminal justice. See Ex parte Nice, supra. To the contrary, this case is materially indistinguishable from Ex parte Fowler, supra, in which the defendant in a criminal case sought a writ of mandamus directing the trial judge to grant her motion for a change of venue on the ground of prejudicial pretrial publicity, and Ex parte Pickett, 46 Ala.App. 227, 239 So.2d 900 (1970), in which the defendant sought a writ of mandamus directing the trial judge to vacate his order denying two pretrial motions to suppress evidence. In each of those cases, the defendant claimed to have received *1258 an adverse pretrial ruling and, although an erroneous ruling by the trial judge would have resulted in an expensive and unnecessary trial, mandamus review was denied on the ground that the petitioner had an adequate remedy by appeal from a final judgment.
After carefully reviewing Spears's petition, his brief in support of the petition, and the state's brief in response, we conclude that Justice Mayfield's comments in Brittain v. Jenkins, supra, are equally appropriate in the present case:
"In the instant case it does not appear that the matter complained of comes within any of the established exceptions to the previously stated general rule. It is, therefore, not necessary for our present consideration that we attempt to reconcile seeming inconsistencies arising out of prior exercise of this court's discretion or that we seek to arrive at a more definitive standard concerning the circumstances under which an exception may be made to the general rule. It is sufficient that we adhere to our prior ruling in the case of Jackson Lumber Co. v. W.T. Smith Lumber Co., 247 Ala. 661, 25 So.2d 853, 854 [(1946)]. There the plaintiff brought an action for conversion and in assumpsit against the defendant. Defendant filed pleas of set-off and to these plaintiff pleaded in abatement. From a judgment sustaining a demurrer to the plea in abatement plaintiff appealed and applied for an alternative writ of mandamus. As to the latter this court held:
"`There is also no authority to invoke this court's discretion to review the order by writ of mandamus.
"`Such a nonappealable interlocutory ruling is not reviewable by mandamus when the matter complained of can be adequately redressed by appeal after final judgment. The general rule is that this court will not grant the writ for the mere purpose of review. Ex parte Jackson, 212 Ala. 496, 103 So. 558 [(1925)]; Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512 [(1943)].
"`The principle was recently adhered to and reaffirmed in the last-cited case, where it was observed: "If the matters complained of can be ultimately presented to the appellate court through the medium of an appeal from the final decree, mandamus will not ordinarily be granted. This for the reason, that appellate courts will not hear causes in piecemeal." Koonce v. Arnold, supra, 244 Ala. at page 514, 14 So.2d at page 515.
"`The effort of appellant for the present review is plainly contrary to these well-considered authorities and it results that ... the petition for alternative writ [is due to be] denied.'"
263 Ala. at 684-85, 83 So.2d at 433-34.
The tendency of this Court in the past has been to enlarge the scope of the extraordinary writ of mandamus by recognizing certain exceptions to the general rule that orders ultimately reviewable on appeal from a final judgment are not subject to mandamus review. However, we should not continue to decide cases in a piecemeal fashion. For this reason, mandamus review will generally be restricted in the future to those cases where one of the recognized exceptions applies, or to those extraordinary cases where the rights of the parties cannot be adequately protected by appellate review of a final judgment.
If Spears is retried and convicted for the offense stated in the indictment, he can appeal his conviction to the Court of Criminal Appeals and, if he is not satisfied with the judgment of that court, he can petition this Court for certiorari review pursuant to Rule 39, A.R.App.P. These remedies are adequate; therefore, a petition for a writ of mandamus is not an appropriate means of reviewing the trial judge's order in this case.
WRIT DENIED.
HORNSBY, C.J., and SHORES, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.
*1259 ALMON, J., concurs in the result.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
The majority concludes that Thomas Wayne Spears is not entitled to a writ of mandamus to review the order of the trial judge denying his motion for a new trial, under Rule 15.4, Ala.R.Cr.P., on the question whether the indictment should be dismissed on double jeopardy grounds.
I believe that the majority errs for at least two reasons:
(1) Granting the petition would result in a more speedy, inexpensive determination of the merits of the claim. Rule 1, Ala.R.Cr.P., and Rule 1, Ala.R.App.P.; and
(2) This Court, by using its supervisory power, has previously reviewed an interlocutory order that denied a motion to dismiss a charge based on a claim of double jeopardy, and I think it should follow that same procedure here.

This Court's Procedural Rules Require This Court To Review the Petitioner's Claim of Double Jeopardy
Rule 1.2, Ala.R.Cr.P., states that "[the Rules of Criminal Procedure] are intended to provide for the just and speedy determination of every criminal proceeding," and provides that "[t]hey shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare." Rule 1, Ala. R.App.P., provides, similarly, that the Rules of Appellate Procedure "shall be construed so as to assure the just, speedy and inexpensive determination of every appellate proceeding on its merits."
Although I recognize that this Court, in adopting the Rules of Criminal Procedure and the Rules of Appellate Procedure, did not intend to set aside all the rules of appellate practice that had governed this Court's use of its supervisory power, it appears to me that this Court, by adopting Rule 1.2, Ala.R.Cr.P., and Rule 1, Ala. R.App.P., intended that decisions on procedural matters, both in the trial court and in the appellate courts, should be based on considerations of what would be the least time-consuming, the least expensive, and the most just.
If we applied those principles of procedural law to the facts of this case, we would not wait to see if Spears is convicted and then review his double jeopardy claim on an appeal from his conviction. We would, clearly, review his constitutional claim now, because the trial court has already convened a jury to determine some factual issues, as it was permitted to do under the provisions of Rule 15.4,[3] and we have before us a record of the proceedings in regard to those issues. Consequently, we have all that we need to decide the constitutional issue of double jeopardy that Spears raised in the trial court and before the Court of Criminal Appeals in his petition for the writ of mandamus.
Although I recognize that a supervisory writ should not be substituted for an appeal, I believe we should construe our Rules of Criminal Procedure and Rules of Appellate Procedure to permit criminal defendants, like Spears, who seek to present only a legal issue and who can present an adequate record, to use the extraordinary writ process to get review of trial court proceedings without having to wait for the conclusion of the case in the trial court. We provide for such a review in civil cases by permitting an appeal of an interlocutory order. See Rule 5, Ala.R.App.P., "Appeal *1260 by Permission." In interlocutory appeals in civil cases, there is no requirement that the petitioner meet the stringent requirements of extraordinary writ practice of showing a clear, legal right to the relief sought and showing that the issue cannot be presented on appeal.
I think that the majority is applying the old standard to this case, and has not considered the requirements of Rule 1.2, Ala. R.Cr.P., and Rule 1, Ala.R.App.P.

This Court Has Previously Granted Extraordinary Relief To Review a Double Jeopardy Claim
In Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), the petitioner was permitted, in a State court, to raise his double jeopardy claim by use of an extraordinary writ, and this Court, in Ex parte Coleman, 584 So.2d 455 (Ala.1991), on a petition for a writ of prohibition, reviewed a criminal defendant's double jeopardy claim. The report of the case does not show whether the State challenged the petitioner's right to review the interlocutory order in that case, but, to me, it would seem that whether the State raised such an issue would make no difference.
In Abney v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the United States Supreme Court held that an interlocutory appeal can be taken from a pretrial order rejecting a claim of former jeopardy. The Court, in an opinion by Chief Justice Burger considering the interests protected by the Double Jeopardy Clause, said:
"Finally, the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. To be sure, the Double Jeopardy Clause protects an individual against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on an appeal following final judgment, as the Government suggests. However, this Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to trial for the same offense.
"`"The Constitution of the United States, in the Fifth Amendment, declares, `nor shall any person be subject [for the same offense] to be twice put in jeopardy of life or limb.' The prohibition is not against being twice punished, but against being twice put in jeopardy...." The "twice put in jeopardy" language of the Constitution thus relates to a potential, i.e., the risk that an accused for a second time will be convicted of the "same offense" for which he was initially tried.' Price v. Georgia, 398 U.S. 323, 326, 26 L.Ed.2d 300, 90 S.Ct. 1757, 1759 (1970).
"See also United States v. Jorn, 400 U.S. 470, 479, 27 L.Ed.2d 543, 91 S.Ct. 547, 554 (1971); Green v. United States, 355 U.S. 184, 187-88, 2 L.Ed.2d 199, 78 S.Ct. 221, 223 (1957); United States v. Ball, 163 U.S. 662, 669[,] 41 L.Ed 300, 16 S.Ct. 1192 [1194] (1896). Because of this focus on the `risk' of conviction, the guarantee against double jeopardy assures an individual that, among other things, he will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense. It thus protects interests wholly unrelated to the propriety of any subsequent conviction. Mr. Justice Black aptly described the purpose of the Clause:
"`The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.' Green, supra, 355 U.S. [184] at 187-88, 2 L.Ed.2d 199, 78 S.Ct. 221, 223.

*1261 "Accord, Breed v. Jones, 421 U.S. 519, 529-30, 44 L.Ed.2d 346, 95 S.Ct. 1779, 1785-1786 (1975); Serfass v. United States, 420 U.S. 377, 387-88, 43 L.Ed.2d 265, 95 S.Ct. 1055, 1061-1062 (1975); Jorn, supra, 400 U.S. at 479, 27 L.Ed.2d 543, 91 S.Ct. at 554. Obviously, these aspects of the guarantee's protections would be lost if the accused were forced to `run the gauntlet' a second time before an appeal could be taken; even if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit. Consequently, if a criminal defendant is to avoid exposure to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs.
"We therefore hold that pretrial orders rejecting claims of former jeopardy, such as that presently before us, constitute `final decisions' and thus satisfy the jurisdictional prerequisites of [28 U.S.C.] § 1291."
431 U.S. at 660-62, 97 S.Ct. at 2040-42, 52 L.Ed.2d at 660-62 (emphasis in original) (footnotes omitted). In this case, this Court's holding, that an adequate remedy is afforded by a direct appeal from a conviction, is in irreconcilable conflict with the interest protected by the Double Jeopardy Clause and recognized in Abney. The remedy by appeal is in reality no remedy at all, since it still forces the defendant "to endure a trial that the Double Jeopardy Clause was designed to prohibit." 431 U.S. at 662, 97 S.Ct. at 2041. Therefore, a pretrial petition for a writ of mandamus is the only means available through which a defendant's rights under the Double Jeopardy Clause can be protected, because the remedy by appeal is inadequate to prevent undue injury; therefore, the well-established test as to whether the writ of mandamus will be issued has been met.
Moreover, the use of an extraordinary writ to review a double jeopardy claim before trial is no novelty in state court practice. See, Harris v. Washington, 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212 (1971); Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).
It is a matter of legitimate concern that a remedy by petition for writ of mandamus may be abused by defendants. Plainly, a defendant should not be permitted to obtain a dilatory continuance of his trial simply by filing a frivolous double jeopardy claim and appealing its denial. However, as the Abney Court pointed out, "It is well within the supervisory powers of the courts of appeals to establish summary procedures and calendars to weed out frivolous claims of former jeopardy." 431 U.S. at 663 n. 8, 97 S.Ct. at 2042 n. 8, 52 L.Ed.2d at 662 n. 8.
In this regard, the procedure utilized by the Eleventh Circuit Court of Appeals is instructive. See, United States v. Farmer, 923 F.2d 1557 (11th Cir.1991). Under that procedure, if the trial court makes a written finding that the double jeopardy claim is frivolous or dilatory, the trial court is not divested of jurisdiction when the defendant appeals the denial of his double jeopardy challenge, and the trial can proceed. Id. at 1565. If the trial court makes no such finding, the trial is stayed pending the outcome of the interlocutory appeal. Id. If a trial court does make such a finding, the defendant's interests are still protected, because he can request an appellate stay of the retrial. Id. The appellate court will rule on the district court's written finding by ruling on the request for a stay. Id. See also, United States v. Dunbar, 611 F.2d 985 (5th Cir.1980), wherein the old Fifth Circuit Court of Appeals had adopted an identical procedure.
Spears presents a substantial question of constitutional law in his petition, but I do not address his claim on the merits. Even if the majority agreed to consider the merits of his case, he might not get the relief he seeks. The petitioner in Ex parte Coleman did not get the relief he sought, but he at least got the legal issue settled before he was tried. To require Spears to go to trial without a resolution of his constitutional claim seems to violate the governing *1262 spirit of the rules. I must, therefore, respectfully disagree with my colleagues.
I suggest, in closing, that we at least should consider amending Rule 5, Ala. R.App.P., to permit appeals by permission in criminal cases where substantial issues of law are presented, as they are in this case, and where a quick appellate resolution of those issues could materially speed up the final disposition of the case.
NOTES
[1] Judge Kimbrough stated that he was uncomfortable proceeding with the trial because he anticipated participating in future disciplinary proceedings against the prosecuting attorney.
[2] In Ex parte Sharpe, 513 So.2d 609 (Ala.1987), the petitioner moved to dismiss the indictments against him on the ground that they had been returned by a special, but unauthorized, grand jury. The trial court denied the motion. The Court of Criminal Appeals issued a writ of mandamus directing the trial court to grant the motion. The state sought certiorari review, and we reversed the judgment of the Court of Criminal Appeals on the ground that the petitioner had not complied with the requirements of Rule 21, Ala.R.App.P. In Ex parte Bell, 511 So.2d 519 (Ala.Crim.App.1987), the petitioner sought a writ of mandamus directing the trial court to dismiss the indictment against him on the ground that a retrial would constitute double jeopardy. He also sought to prohibit the state from seeking to impose the death penalty on his retrial, and to require the appointment of new counsel to represent him. The Court of Criminal Appeals, without discussing the requirements for issuing a writ of mandamus, rejected the petitioner's double jeopardy argument, as well as his request for the appointment of new counsel. The court did issue a writ preventing the state from seeking the imposition of the death sentence. We do not consider either of these cases, or any of the cases that our research has disclosed, to be direct or persuasive authority for the proposition that a ruling on a motion to dismiss an indictment on double jeopardy grounds should be reviewable on a petition for a writ of mandamus.
[3] Rule 15.4 provides:

"(a) Determination of Motions. A motion raising defenses or objections made before trial pursuant to this rule shall be determined before trial, unless the court for good cause orders that it be deferred for determination at the trial on the merits.
"(b) Jury Trial. Unless a jury trial of an issue of fact raised by the motion is waived, such issue shall be tried by a jury if a jury trial is constitutionally required.
"(c) Court Trial. All other issues of fact raised by the motion shall be determined by the court without a jury in such manner as the court may direct."